**Joel WILLIAMS, Jr., Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 785S298.**

Supreme Court of Indiana.

May 9, 1986.

Robert R. Garrett, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Joel Williams, Jr., was convicted of robbery, a class B felony, at the conclusion of a jury trial in the Lake Superior Criminal Division. He was sentenced to fifteen (15) years. On direct appeal he raises the following issue: whether the trial court erred in permitting the State to bring into evidence through cross-examination the fact that the brother of the defense witness had been convicted of murder.

Appellant relied on the defense of alibi at trial. His principal alibi witness was his girlfriend, Francine Terry. During cross-examination by the State, the following took place:

"Q: I see, all right, now, Miss Terry, do you love Joel Williams?

A: Yes.

Q: In fact, do you want to marry him, don't you?

A: Yes, I do.

Q: You are doing everything you can to try and get that accomplished, haven't you?

A: Yes.

Q: And would it be fair to say that you have a loyalty to Joel?

A: Yes.

Q: Matter of fact, a very strong loyalty, don't you?

A: Yes, sir.

Q: Be fair to say that you would do whatever is necessary to get him out of trouble?

A: Yes, I would.

Q: And ma'am, would that include telling this jury something other than the truth?

A: I am telling the truth.

Q: I see, okay, now, you indicated that you met Joel through Deveon Terry; is that correct?

A: Yes.

Q: Now, that the same Deveon Terry who was convicted of murder?

BY DEFENSE COUNSEL: Objection, Your Honor.

BY THE COURT: Objection overruled.

BY PROSECUTION: Who was convicted of murder in this court in 1982,—is that correct?

A: Yes, ma'am.

Q: And would it be fair to say that you were not happy about that conviction, and in fact, are not happy with the State of Indiana for having convicted your brother of that murder?

A: I was not happy.

Q: And are you unhappy enough with the State because of that conviction to come in here and testify against the State?

A: No."

Appellant maintains this was a reference to a prejudicial collateral matter and deprived him of his fundamental right to a fair trial. He states that he is unable to find authority in support of the State's case. At trial and on appeal the State has relied on *Clark v. State* (1976), 264 Ind. 524, 348 N.E.2d 27, *reh. denied* (1976) U.S., *cert. denied* (1978) 439 U.S. 1050, 99 S.Ct. 731, 58 L.Ed.2d 711. We find the issue in *Clark* to be strikingly similar to that in the present case. There, Justice DeBruler wrote for a unanimous Court which addressed this issue for the first time. Clark was relying on the defense of alibi. The State was allowed to question his principal alibi witness concerning her father's recent convictions on a firearms charge. *Id.*, 264 Ind. at 530–534, 348 N.E.2d at 32–34.

Generally, the trial court is allowed wide discretion in the conduct of cross-examination, and will be reversed only for an abuse of that discretion. *Smith v. State* (1984), Ind., 468 N.E.2d 512, 517, *reh. denied* (1984). Evidence of bias or prejudice against the State is always relevant to show a witness has reason to exaggerate or falsify testimony. *Denton v. State* (1983), Ind., 455 N.E.2d 905, 909. For such evidence to be admissible the questioning party need only show that there is a reasonable degree of probability that the witness is biased due to the evidence. *Clark*, 264 Ind. at 534, 348 N.E.2d at 34.

The testimony in the present case shows the witness' extreme devotion to Appellant. It further shows that the witness was unhappy about her brother's conviction. In light of this, a reasonable degree of probability exists that the witness might harbor some bias against the State. The evidence was properly admitted under our standards set forth in *Clark* and *Denton*.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.