**William R. BATES,**
**Defendant–Appellant,**

**v.**

**STATE of Indiana, Plaintiff–Appellee.**

**No. 79A02–8610–CR–377.**

Court of Appeals of Indiana,
Third District.

March 24, 1988.

Rehearing Denied June 2, 1988.

Susan K. Carpenter, Public Defender, M.E. Tuke, Deputy Public Defender, Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

Appellant William Bates appeals from his conviction for five counts of dealing in cocaine, a Class C felony. He was given five 5 year sentences, one of which is to run consecutive to the other four which are to run concurrently. We affirm.

Bates raises four issues for our review:

1. Did the trial court err by granting a motion to continue the trial filed by the state on February 25, 1986?

2. Did the trial court err by denying Bates' motion for discharge which resulted in Bates being brought to trial over one year from the date he was charged?

3. Did the trial court err by denying Bates his right to confront witnesses when it foreclosed cross examination of a witness regarding ongoing criminal investigations?

4. Were the audio tape recordings offered into evidence by the state so insufficiently clear, incomplete, garbled and confusing as to be prejudicial to Bates?

## I. Continuance

Bates contends that it was error for the trial judge to grant the state's motion for continuance which was made on February 25, 1986. On that date the prosecution moved for a continuance because they had determined only that morning that a key witness did not reside in Indianapolis but in Michigan and the subpoena process would not get that witness to court in time for the trial. Further, the state's motion for con-

tinuance alleged that the state could not locate another material witness because he had changed jobs. The trial judge granted that motion and continued the trial from February 25 to March 25.

Bates alleges that the granting of the motion for continuance was error because the state's motion did not comply with the requirements of IC 35-36-7-2. IC 35-36-7-2 concerns when the state may be entitled to a continuance because of the absence of a witness. The statute does not restrict the court's discretionary powers. Instead it merely compels the granting of a continuance under certain clearly delineated circumstances. In general, when such a motion for continuance is not based upon statutory grounds or is not made in compliance with the statute, the granting of a continuance lies within the broad discretion of the trial court and will not be reversed on appeal absent an abuse of discretion prejudicing the complaining party. *Gregory v. State* (1972), 259 Ind. 295, 286 N.E.2d 666, 668; *Hoy v. State* (1983), Ind.App., 448 N.E.2d 31, 34.

Bates contends that reversal is required in this case under an abuse of discretion standard of review because of the alleged failure of the state to use due diligence in preparing its case. Bates, however, has failed to show how this alleged failure prejudiced him in this case. There was no error in granting the state's motion for continuance.

## II. Discharge

Bates contends that it was error for the trial court to deny his motion for discharge. He argues that he was brought to trial 497 days after he was formally charged. He argues that only 49 days of that 497 days are attributable to his own motions for continuance and that because the 448 days left exceed the 365 day limit set by Indiana Rules of Procedure, Criminal Rule 4(C) that he was entitled to discharge.

Under CR 4(C) the state has an affirmative duty to bring a criminal defendant to trial within one year and that one-year limit commences to run automatically with the later of either the filing of charges against the defendant or his arrest. The one-year period is extended by any delay arising from any continuance had on defendant's motion, by any delay caused by defendant's act, and by congestion of the court's calendar. *State v. Smith* (1986), Ind.App., 495 N.E.2d 539, 541; CR 4(C). The absence of a key witness through no fault of the state is also good cause for extending the time period requirements for early trial under CR 4(D). *Woodson v. State* (1984), Ind., 466 N.E.2d 432, 434. In order to determine the exact period during which a defendant must be brought to trial or else be entitled to discharge we must add to one year the length of any delays for which the rule makes exception. *Walker v. State* (1984), Ind.App., 467 N.E.2d 1248, 1250.

In this case the record indicates that the trial date was continued four times. Bates was formally charged by information on November 13, 1984. In August 1985 the trial was postponed until November 19 due to failure of defense counsel to appear and court congestion.[1] In November the trial was continued until January 14, 1986, again due to court calendar congestion. In January 1986 the defense moved for and obtained over the prosecution's objection a continuance of the trial until February 25. In February the state moved for and obtained a continuance of the trial until March 25 due to the unavailability of a key witness through no fault of its own. All four continuances which postponed the trial from August 1985 until late March 1986 are excusable delays which add to the time in which the state must bring the defendant to trial. The delays totaled approximately seven months. Hence the state had approximately seven months from Novem-

---

1. The record does not reflect the exact date that the trial was initially set for but does imply that the date was sometime in August, a point with which Bates agrees in his brief. Bates contends that this continuance was not granted because of congestion. The record reflects, however, that the trial was continued because another case was going to trial. Not being able to schedule a trial because another case is going to trial does constitute court congestion.

ber 13, 1985 in which to bring appellant to trial. March 25, 1986, the day the trial began, was well within this time frame. Bates' CR 4(C) rights were not violated. There was no error in denying his motion for discharge.

### III. Right to Confrontation

■ Bates argues that, as a result of the trial court's foreclosure of cross-examination of Scott Knox, an informant, with regard to the full scope of Knox's drug dealing, he was not able to explore relevant evidence of Knox's bias and was denied his Sixth Amendment right to confrontation of witnesses. We disagree.

■ The Sixth Amendment to the Constitution of the United States guarantees to a criminal defendant the right to confrontation with the witnesses against him. The primary interest secured by the right to confrontation is the right of cross-examination. *Davis v. Alaska* (1974), 415 U.S. 308, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347. Generally, the trial court is allowed broad discretion in controlling the conduct of cross-examination, and will be reversed only for an abuse of discretion. However, evidence of bias, prejudice, or ulterior motives is always relevant on the issue of the credibility or weight of the witness' testimony. *Sweet v. State* (1986), Ind., 498 N.E.2d 924, 927–28; *Williams v. State* (1986), Ind., 492 N.E.2d 28, 29.

In this case the trial court, on the prosecutor's objection, refused to allow cross-examination of Knox upon the subject of Knox's continuing involvement in drug deals which were the object of ongoing police investigations. The trial court did allow cross-examination of Knox on the entirety of Knox's drug dealing career dating from 1966 until he turned himself into the police, Knox's drug usage, Knox's wife's involvement, his past dealing regarding drugs with Bates, and any possible breaks or deals Knox might have obtained in exchange for his information. In fact, Bates' trial counsel returned repeatedly to

the subject of Knox's past career as a dealer, particularly with regard to Bates.

Having permitted this extensive inquiry into Knox's past activities, the court did not abuse its discretion by refusing to permit further cross-examination on matters of ongoing criminal investigation, even though these may have involved further drug dealing. Knox's activities in drug involvement were adequately presented to the jury as an aid in assessing his credibility.

### IV. Clarity of the Tapes

■ Bates' final argument is that two audio tapes of conversations between an informant and Bates which were admitted as State's Exhibit 11 and 13 were unclear, confusing and therefore prejudicial to him. We disagree.

■ The foundation which must be laid in order to admit a recording into evidence is as follows:

(1) that the recording is authentic and correct;

(2) that the testimony elicited was freely and voluntarily made, without any kind of duress;

(3) that all required warnings were given and all necessary acknowledgements and waivers were knowingly and intelligently given;

(4) that it does not contain matter otherwise not admissible into evidence; and

(5) that it is of such clarity as to be intelligible and enlightening to the jury.

*Wallace v. State* (1986), Ind., 498 N.E.2d 961, 965; *Lamar v. State* (1972), 258 Ind. 504, 282 N.E.2d 795, 800. The admission of sound recordings is within the discretion of the trial court, and we reverse only upon an abuse of that discretion. *Wallace, supra,* 498 N.E.2d at 965; *Mendez v. State* (1987), Ind.App., 508 N.E.2d 41, 43. *Lamar* suggests, however, that the appellate court should review the tapes and justice demands that the appellate court substitute

its judgment for that of the trial court when that judgment is different from that of the trial court. *Pettit v. State* (1979), 272 Ind. 143, 396 N.E.2d 126, 129; *Lamar, supra,* 282 N.E.2d at 800. We have conducted such a review of the two tapes in question and conclude that the tapes were sufficiently clear to be intelligible and enlightening to the jury. There was no error in admitting them.

Affirmed.

STATON and ROBERTSON, JJ., concur.