**William L. SPEARS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 80A04–9304–CR–122.

Court of Appeals of Indiana, Fourth District.

Sept. 29, 1993.

Thomas R. Lett, Tipton, for appellant.

MILLER, Judge.

William Spears, age thirty-four (34), was convicted by a jury of battery, a class B misdemeanor, and requests a new trial. He claims: 1) the trial court erred in denying him pauper counsel; and 2) he did not knowingly and voluntarily waive his right to counsel. Spears' second claim is dispositive.

We reverse.

### FACTS

Spears was charged with battery, a class B misdemeanor, on January 6, 1992. An initial hearing was held on January 29, 1992 at which Spears requested a court-appointed attorney. The court placed him under oath, conducted a brief examination into his financial status, and denied Spears' request. After the court advised Spears to obtain private counsel, Spears stated: "I choose not to represent with counsel, because I do not want one." R. 15. The court then informed Spears of his right to a speedy trial, to confront witnesses, to subpoena witnesses, and to a jury trial.

On August 13, 1992, the trial court ordered Spears to attend a Status of Counsel hearing. While no hearing on the record was held that day, Spears did sign two pre-printed documents. The first is entitled "Waiver of Attorney." This form indicates Spears' name, birthday, and place of birth. It noted that Spears' completed school through the fifth grade and indicates that although he can write and understand English, he cannot read English. The form listed the offense with which he was charged and the maximum penalties therefor.

The Waiver of Attorney form lists Spears' rights with regard to his defense, with or without the assistance of counsel. It ends with the statement: "I DECLARE THAT I DO NOT WANT TO BE DEFENDED BY AN ATTORNEY IN THIS CASE." R. 22. Spears signed and dated the form.

The second document is entitled "Demand to Proceed *Pro Se.*" This form indicates Spears' name and that he has completed the Waiver of Attorney form. The purpose of the form is to request of the trial court that Spears be allowed to represent himself. It also indicates that the court purportedly advised Spears that, as a *pro se* litigant, he would be held to the same procedural standards as an attorney, that an attorney possesses skills that Spears does not, and that the court advised against this course of action. Spears signed and dated this document as well.

The same day, August 31, 1992, the court granted Spears' demand to proceed *pro se.* Later, Spears represented himself at a jury trial and was convicted of battery.

### DECISION

■ On August 10, 1993, the State waived its right to file an opposing brief in this matter. The *prima facie* error rule provides that when an appellee does not file a brief, we will reverse, provided that in his or her own brief the appellant makes a showing that *prima facie* error has occurred. *Johnson Cty. Rural Elec. v. Burnell* (1985), Ind.App., 484 N.E.2d 989, 991. The purpose of this rule is not intended to benefit the appellant. Rather, it is intended to relieve this court of the burden of controverting the arguments advanced for reversal. *Id.* *Prima facie* error means error at first sight, on first appearance, or on the face of it. *Id.*

■ The second issue Spears raises is that he did not knowingly and voluntarily waive his right to counsel. "The right to counsel can be relinquished only by a knowing, voluntary, and intelligent waiver of the right." *Dowell v. State* (1990), Ind.

App., 557 N.E.2d 1063, 1065, *trans. denied, cert. denied sub nom.* —— U.S. ——, 112 S.Ct. 181, 116 L.Ed.2d 143 (1991). When a defendant decides to proceed *pro se*, the trial court must determine if the right to counsel is made knowingly and voluntarily. *Kirkham v. State* (1987), Ind.App., 509 N.E.2d 890, 892, *reh'g denied, trans. denied.* To properly make this determination, the trial court must conduct a hearing to determine the defendant's competency to represent himself and to make a record of the waiver of his right to counsel. *Dowell* at 1066. This record must establish "that the defendant was made aware of the nature, extent, and importance of the right and the consequences of waiving it." *Kirkham* at 892.

At his initial hearing, Spears made it clear that he wished to represent himself. It was therefore incumbent upon the trial court to determine if he made that decision knowingly and voluntarily. While the record indicates that Spears was ordered to attend a Status of Counsel hearing, no hearing on the record before the trial court was actually held. Spears did sign both a Waiver of Attorney and a Demand to Proceed *Pro Se* form. However, it is impossible to determine if the information contained in these forms was explained to Spears, and if so, by whom. This is particularly important since the Waiver of Attorney form indicates that Spears did not read English.

Without a hearing on the record, the Waiver of Counsel and Demand to Proceed *Pro Se* forms were inadequate to ensure that Spears was fully informed as to the nature, extent and importance of his right to counsel so that he could make a knowing and voluntary waiver of that right.

Because the trial court failed to conduct a hearing on the record, we find that Spears has demonstrated *prima facie* error.

Reversed and remanded for a new trial.

CONOVER and NAJAM, JJ., concur.