FOR PUBLICATION

ATTORNEYS FOR APPELLANT
:

JEFFREY A. MODISETT

Attorney General of Indiana

RANDI F. ELFENBAUM

Deputy Attorney General

Indianapolis, Indiana

IN THE

COURT OF APPEALS OF INDIANA

STATE OF INDIANA, )

)

Appellant-Plaintiff, )

)

vs. ) No.  92A05-9704-CR-160

)

MICHAEL L. GOBLE, )

)

Appellee-Defendant. )

APPEAL FROM THE WHITLEY SUPERIOR COURT

The Honorable John Boyce, Special Judge

Cause No.  92D01-9507-DF-389

October 29, 1999

OPINION - FOR PUBLICATION

RUCKER, Judge

The State of Indiana appeals the trial court's order granting Michael L. Goble's motion for discharge pursuant to Ind. Crim. Rule 4(C).
(footnote: 1)  We address the following restated issue: was the delay in bringing Goble to trial within one year attributable to the State.  We conclude it was not and therefore reverse. 

On July 26, 1995, the State charged Goble with resisting law enforcement as a Class D felony and mistreatment of a police dog as a Class A misdemeanor.  At the initial hearing counsel was appointed for Goble, and trial was scheduled for November 30, 1995.  Prior to trial, Goble filed a number of 
pro se
 pleadings including those entitled:  "Demand Quash,"  "Habeas Corpus," "Motion For Recussal [sic]," "Notice of Misconduct," "Notice of Dismissal of the Public Defender for Cause," "Affidavit of Truth In Dismissal Of Terry Smith," and a document entitled "Titles of Nobility Amendment."  
See
 R. at 16, 24, 33, 34-53.  Among other things, the various pleadings challenged the jurisdiction of Indiana courts to try Goble, questioned the authority and fairness of the trial judge, and attacked the competency of Goble's court appointed counsel.  On the morning of trial, Goble began by addressing the court as follows: "[m]y name, my Christian Appelation [sic] sir is M-i-c-h-a-e-l as Michael and capital L-y-n-n Lynn is my Christian Appellation.  My family name is Goble.  I'm here in that capacity 
sui juris
 objecting to these proceedings."  R. at 294.  Over the next several minutes, as the trial judge attempted to explain the proceedings and what was about to occur, Goble interrupted on several occasions and generally disrupted the orderly process of the court.  
See
 R. at 274-318.  The trial judge exercised extraordinary patience in dealing with Goble but ultimately found him in contempt of court: 

Let the record reflect the following, Mr. Goble, please be quiet while I make the record here.  This is Michael D. Rush, Judge of the Whitley Superior Court a duly constituted Court of the legislature of the State of Indiana.  The conduct by the Defendant, Michael L. Goble, is determined by this Court to be in Direct Criminal contempt of this court's ability to conduct a hearing and to present to this Defendant a fair and appropriate jury trial by the laws and rules and procedures of the State of Indiana.  The conduct which has occurred in this Court room in the presence of this Court is continual interruptions one after the other and directly affects this Court's ability to conduct appropriate proceedings under the law and rules of the State of Indiana in criminal cases.  This conduct has taken place in my presence and in the presence of all persons who are in this Court room who the court will possibly call to make an affidavit as to the conduct that has taken place here in this Court room.  I believe that Mr. Goble has committed acts of Criminal Contempt in the presence of this court that are done in defiance, disrespect of the lawful order of this court and the laws of the State of Indiana and the dignity of these proceedings.

R. at 318-19.  The trial judge sentenced Goble to thirty days in jail.  He also granted counsel's motion to withdraw his appearance.  In addition, the trial judge recused himself and requested the appointment of a special judge.  Acting on the request the supreme court entered an order appointing the Honorable John Boyce as special judge in this case on January 10, 1996.  Thereafter Judge Boyce scheduled Goble's trial for July 19, 1996.  On January 22, 1996, Goble, acting 
pro se
, filed with the trial court a pleading entitled "Notice to the Supreme Court of Judicial Error and Hearing for Cause."  R. at 144.  As best we can discern, the pleading appears to challenge the supreme court's authority to appoint Judge Boyce.  In any event, on July 5, 1996, again acting 
pro se
, Goble filed a pleading requesting a pre-trial conference to "determine Jurisdiction or in the Alternative Discharge pursuant to Trial Rule 4 of Criminal Procedure."  R. at 152.  Prior to that date Goble had sent a letter to the trial judge requesting court appointed counsel.  In response, the trial judge appointed counsel to represent Goble and scheduled a hearing date of July 19, 1996, to address the motion for discharge. 

On July 16, 1996, counsel entered an appearance for Goble, moved to continue the previously scheduled trial date, and filed a motion for pre-trial conference.  Accordingly the trial court vacated the trial date and scheduled a pre-trial conference for July 23, 1996.  Pre-trial conference was held as scheduled.  Goble did not appear but was represented by counsel.  At the pre-trial conference the trial court denied Goble's motion for discharge and scheduled a trial date of October 31, 1996.  Thereafter on August 12, 1996, again acting 
pro se
 Goble filed a pleading entitled "Criminal Rule 4 Discharge Refusal For Fruad [sic]."  R. at 162.  The trial court considered the pleading as a second motion for discharge and denied it. 

Thereafter, a final pre-trial conference was scheduled for September 27, 1996.  Goble  appeared on that date.  Goble's court appointed counsel also appeared.  However, Goble affirmed that counsel "can't speak for Mr. Goble" and asserted that counsel was there only as "an advisory counsel rather than to be here representing me."  R. at 330.  Goble again moved for discharge under Criminal Rule 4, arguing, among other things, that he was not given notice of the July 23, 1996, pre-trial conference.  On the evidence presented, the court rejected Goble's lack of notice argument.  The trial court did, however, take Goble's motion for discharge under advisement and permitted Goble to file a memorandum to support his position.  Accordingly, on October 11, 1996, Goble filed a 
pro se
 pleading entitled "Demand for Due Process of the Land Organic with Motion Pursuant to Criminal Rule 4 for Discharge and Memorandum of Fundamental Law."  R. at 168.  

On October 23, 1996, the trial court entered an order pointing out that, among other things, Goble's latest pleading asserted a number of issues based upon Goble's beliefs in, and relying upon, the rhetoric of the common law courts movement.
(footnote: 2)  The trial court discounted such assertions.  Nonetheless the trial court granted Goble's motion for discharge.  In so doing, the trial court outlined the various relevant dates and causes for delay and determined "[b]y the time of the final pre-trial conference on September 27, [1]996, 429 calendar days had elapsed since Goble's arrest, disregarding delay attributable to Goble leaves a total elapsed time attributable to the State of 386 days."  R. at 200.  This appeal followed.
(footnote: 3)
 Ind. Crim. Rule 4(C) provides in relevant part:

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act . . . .

Under the Rule the State has an affirmative duty to bring a criminal defendant to trial within one year.  
Bates v. State
, 520 N.E.2d 129, 131 (Ind. Ct. App. 1988).  The one year time period commences upon the date of arrest or date of charge, whichever is later.  
Id.
  That period is extended by delay arising from any continuance had on the defendant's motion, by any delay caused by the defendant's act, or by congestion of the court's calender.  
Id.
 

Goble was initially arrested on July 6, 1995, for mistreatment of a police dog and resisting law enforcement.  He was charged with those offenses on July 26, 1995.  Thus, barring any delays attributable to Goble the State was obligated to bring him to trial by July 26, 1996.  On November 30, 1995, Goble appeared for trial.  However, as a result of Goble's conduct, the trial judge was compelled to find Goble in contempt of court.  The trial judge also recused himself and requested appointment of a special judge.  The supreme court appointed a special judge on January 10, 1996.  The 41-day delay from the date of recusal to the date of the appointment of the special judge tolled the running of the Crim. R. 4(C) time period.  And this is so whether the delay is attributable to Goble under the premise that his acts caused the delay, or whether the unavailability of a qualified trial judge is considered a delay about which "the State has little means of addressing."  
Henderson v. State
, 647 N.E.2d 7, 13 (Ind. Ct. App. 1995) (finding a 139-day delay between recusal of the regular judge and the appointment of a special judge an "exigent circumstance" that tolled the running of the time period under Crim. R. 4).  Tolling of the time period extends the ultimate deadline by which the defendant must be tried.  
Id.
  Thus, the State now had to bring Goble to trial by September 5, 1996. 

After the special judge was appointed, trial was rescheduled for July 19, 1996. However, upon motion by Goble's counsel dated July 16, 1996, the date was vacated, and the trial court set a pre-trial conference for July 23, 1996.  At the pre-trial conference the trial court scheduled trial for October 31, 1996.  When a defendant requests a continuance of his trial date, "[t]he delay attributable to the defendant runs from the time the motion is filed through the date upon which the new trial is rescheduled."  
Henderson
, 647 N.E.2d at 13.  The 111-day delay between the date the continuance was requested and the date trial was rescheduled is attributable to Goble.  Although Goble would later contend that counsel "can't speak for Mr. Goble," and that counsel's role was only that of "an advisory counsel," the fact is that counsel was appointed to represent Goble at Goble's request.  As a result of Goble's request for a continuance, the State was not required to bring him to trial until December 26, 1996.   

 Because the State was not required to bring Goble to trial until December 26, 1996, Goble's motion for discharge made at the final pre-trial conference on September 27, 1996, was premature.  On this record the State has made a 
prima facie
 showing that the trial court erred in granting Goble's motion for discharge.  Accordingly, the judgment of the trial court is reversed, and this cause is remanded for further proceedings.  

Judgment reversed and cause remanded.

NAJAM, J., concurs.

STATON, J., concurs in result.

IN THE

COURT OF APPEALS OF INDIANA

STATE OF INDIANA, )

)

Appellant-Plaintiff, )

)

vs. ) No. 92A05-9704-CR-160

)

MICHAEL L. GOBLE, )

)

Appellee-Defendant. )

STATON, Judge
, 
concurring in result

I concur in result.  The "leniency" and "tolerance" of the trial court should have been restrained.  The finding of contempt should not have delayed the trial of defendant Goble.  He should have had court counsel appointed for him immediately and been given an early trial date.  Disruptive defendants are often their own worst enemy.  Their conduct denies them as well as others a speedy trial.  Disruptive conduct and ridiculous procedural motions should not be allowed to deny justice to other members of the community subject to the jurisdiction of the trial court.

FOOTNOTES
1:  Under Ind. Code § 35-38-4-2 the State may appeal "[f]rom an order or judgment for the defendant, upon his motion for discharge because of delay of his trial not caused by his act . . . ." 

2:  "There is a movement afoot in this country today that is made up of disaffected and often dispossessed Americans who are seeking a better way through a wholesale return to their view of the past.  This movement has been called many things:  the anti-government movement, the sovereignty movement, and the common law courts movement.  Regardless of the name attached to the beliefs and the people who follow them, one common denominator exists:  a feeling of despair, rooted in personal and pecuniary loss, and manifested in a new, defiant mistrust and spite for the ways of the current government."  
State Justice Inst., Nat'l.Cntr. For State Courts, The Anti-Government Movement Guidebook 
ix (1999).

3:  We first observe that Goble has failed to file an appellee's brief.  Where the appellee fails to file a brief, it is within our discretion to reverse the trial court's decision if the appellant makes a 
prima facie
 showing of reversible error.  
Spears v. State
, 621 N.E.2d 366, 367 (Ind. Ct. App. 1993).  This rule was established for the benefit of the court so that it might be relieved of the burden of controverting arguments advanced for a reversal where such a burden rests with the appellee.  
Id.
 

We next observe that the State timely filed its Brief of Appellant over two years ago on June 30, 1997.  The inordinate delay in the resolution of this appeal has been caused by Goble.  Our records show that on July 23, 1997, the Clerk of the Court of Appeals released the Record of Proceedings to Goble, acting 
pro se
.  Shortly thereafter, at Goble 's request, the trial court appointed a public defender to represent Goble in this appeal.  Counsel made repeated attempts to obtain the Record from Goble.  However, Goble insisted that the attorney had been appointed only as co-counsel in this matter and therefore Goble, and not counsel, was entitled to the Record.  Goble never surrendered the Record to counsel nor returned the Record to the Clerk of this court.  In compliance with an order from the Chief Judge of this Court, the Clerk of the Whitley County Court prepared, certified, and sent to the Clerk of the Court of Appeals a duplicate copy of the Record of Proceedings on May 5, 1999.  This case was then transmitted to the Court of Appeals on June 1, 1999.