STATE of Indiana, Appellant–Plaintiff,

v.

Gary W. STACY, Appellee–Defendant.

No. 21A04–0101–CR–5.

Court of Appeals of Indiana.

July 25, 2001.

---

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

The State appeals the grant of Gary W. Stacy's motion for discharge under Indiana Criminal Rule 4(C).

We affirm.

## ISSUE

Whether Stacy's motion for discharge was erroneously granted.

## FACTS

On December 7, 1998, the State filed an information alleging that Stacy had operated a motor vehicle with a controlled substance in his blood and possessed marijuana. At his December 9th initial hearing, the trial court set the matter for trial on May 7, 1999.

On March 23, 1999, Stacy filed a motion to suppress. On April 13th, the trial court met with counsel, set a hearing on Stacy's motion for June 14th, and reset trial for July 19th. At the close of the June 14th motion hearing, the court indicated that the parties could file written arguments.[1] The State filed a memorandum of law objecting to Stacy's motion to suppress on September 29, 1999, but Stacy never filed any response. No ruling on the motion ensued.

On February 29, 2000, 261 days after the hearing on Stacy's motion to suppress and 225 days after the July 19th trial date, the State filed a Trial Rule 53.1(A)[2] praecipe for withdrawal of jurisdiction and transfer to the Indiana Supreme Court. On June 7, 2000, 99 days later, the trial court received the Supreme Court's order withdrawing the case from the original trial judge and appointing a special judge.

Two days later, on June 9th, the special judge set a settlement conference for June 21st. Subsequently, on July 18th, the special judge overruled Stacy's motion to suppress, and on August 20th, it scheduled Stacy's trial for November 15th. On September 7th, Stacy filed his motion for discharge "for the reason that said date is more than one (1) year from the date [ ] the criminal charge against the defendant was filed contrary to Criminal Rule 4(C)." (R. 61).

The special judge held that Stacy's motion to suppress had been deemed denied thirty days after the June 14, 1999 hearing date. He then attributed to the State the 151 days from the date the information was filed until the original trial date of May 7; the 230 days from the date Stacy's motion to suppress was deemed denied until the State filed to withdraw jurisdiction and for a new judge; and the 99 days from the filing thereof until receipt of the supreme court's ruling. Accordingly, the special judge granted Stacy's motion for discharge.

## DECISION

The State contends the trial court erred in granting Stacy's motion to discharge pursuant to his right to a speedy trial "because 365 days attributable to the State had not elapsed," and "only the time between the charge and the date of the motion to suppress, or 106 days, are chargeable" to the State in that regard. State's Brief at 6. We cannot agree.[3]

■ "The right of an accused to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitu-

---

1. At that point, the trial remained set for July 19, 1999.

2. T.R. 53.1(A) provides as follows:

 **Time limitation for ruling.** In the event a court fails for thirty (30) days to set a motion for hearing or fails to rule on a motion within thirty (30) days after it was heard or thirty (30) days after it was filed, if no

hearing is required, upon application by an interested party, the submission of the cause may be withdrawn from the trial judge and transferred to the Supreme Court for the appointment of a special judge.

3. The trial court did err in calculating the days attributable to the State; however, such error does not impact upon our decision.

tion and by Article I, Section 12 of the Indiana Constitution." *Clark v. State,* 659 N.E.2d 548, 551 (Ind.1995). "[T]he provisions of Indiana Criminal Rule 4 implement the defendant's speedy trial right" by "expressly requir[ing] that a defendant be discharged if not brought to trial within certain prescribed time limits." *Id.*

Criminal Rule 4(C) provides as follows: No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

 According to the State, delay attributable to Stacy under Rule 4(C) began to accrue when he filed his motion to suppress and continued indefinitely. The State is mistaken. When a defendant files a motion to suppress, there may follow some "delay . . . caused by his act. . . ." *Id.* Here, when Stacy filed his motion to suppress on March 23rd, there was no immediate delay of the pending May 7th trial date. But when on April 13th the trial court set a hearing date of June 14th for the motion and reset the trial for July 19th, the State's ability to try Stacy within a year was subject to a definite delay occasioned by Stacy, and this time should not be counted against the State. Therefore, delay attributable to Stacy began to accrue on April 13th and continued until the date set for trial: July 19th. However, Stacy cannot be held responsible for any delay beyond that date.

The State cites *Wooley v. State,* 716 N.E.2d 919, 924 (Ind.1999), which stated that when a defendant "seeks or acquiesces in any delay which results in a later trial date, the time limitations of the rule are also extended by the length of those delays." *Wooley* cited *Isaacs v. State,* 673 N.E.2d 757, 762 (Ind.1996). However, as *Wooley* notes, *Isaacs* concerned a continuance on the defendant's motion, which extended the time limitations of the rule. *Wooley,* 716 N.E.2d at 924. Further, *Isaacs* also concerned a continuance by the trial court with no specific reasons given therefor; this continuance was held "chargeable against the one-year period" under Criminal Rule 4(C). 673 N.E.2d at 763. *Wooley* and *Isaacs* do not sustain the State's argument that Stacy's motion to suppress effectively tolled the clock for the State indefinitely.

The State also cites *Vermillion v. State,* 719 N.E.2d 1201, 1204 (Ind.1999), for the proposition that whenever a defendant seeks or acquiesces in a delay that results in a later trial date, the time limitation set by Criminal Rule 4 is extended by the length of such delays. *Vermillion* cited *State v. Hurst,* 688 N.E.2d 402, 407 (Ind. 1997), for its statement. *Hurst* examined various instances in which a defendant's motion to dismiss "caused a delay." *Id.* The dispositive fact was found to be whether the defendant's motion to dismiss actually "cause[d] a delay in trial." *Id.*

The court noted that "a hearing was not had on [Hurst's] motion for 142 days and a ruling was not made on the motion for another 221 days." *Id.* It held that Hurst "did not cause a delay" because he "had a reasonable expectation that the motion would be ruled on in due course and that, if it came to trial, he would be tried within the correct time limit." *Id.* at 408. Similarly, we cannot find that it was Stacy's motion to suppress that was solely responsible for the delay in bringing him to trial within one (1) year in the aggregate from the date the criminal charges were filed against him.

■ The State further argues that the special judge erred in attributing time to the State beginning thirty days after the hearing on the motion to suppress because Trial Rule 53.1(A) "is not self-executing, and affirmative action must be taken to invoke it or the defect is waived" pursuant to *Hepp v. Pierce,* 460 N.E.2d 186, 189 (Ind.Ct.App.1984). State's Brief at 7. Obviously, *Hepp* does not implicate a defendant's right to a speedy trial. The State argues that pursuant to *Williams v. State,* 716 N.E.2d 897, 900 (Ind.1999), because Stacy did not seek a writ, he is estopped from attempting to take advantage of the trial court's error on appeal. However, "the focus" of the appeal in *Williams* was T.R. 53.2, not T.R. 53.1(A). *Id. Williams* did not hold that when the trial court fails to rule on a defendant's motion to suppress, the defendant is estopped from seeking discharge under Criminal Rule 4(C) when the State fails to afford him his speedy trial right.

We find no case directly holding that Trial Rule 53.2(A) applies when a trial court fails to rule on a criminal defendant's motion. However, Criminal Rule 21 provides that the Indiana rules of trial procedure "shall apply to all criminal proceedings so far as they are not in conflict with

any specific rule adopted by the court for the conduct of criminal proceedings." The State makes no argument of any such conflict here. Moreover, in *Kindred v. State,* 540 N.E.2d 1161, 1173 (Ind.1989), our supreme court considered the argument that the trial court erred in its ruling on a defendant's "motion for discharge within thirty days, as required by Trial Rule 53.1(A)." The court did not indicate that T.R. 53.2(A) was inapplicable, but rather it concluded that there was no error in the trial court having denied the T.R. 53.2(A) motion because it "was filed prematurely," before thirty days had passed. *Id.* Further, our supreme court observed in *Hurst* that when a defendant filed a motion, the trial court had "thirty days from the hearing to rule on the motion under Trial Rule 53.1." 688 N.E.2d at 408.

■ Finally, citing *Henderson v. State,* 647 N.E.2d 7, 13 (Ind.Ct.App.1995), *trans. denied; State v. Goble,* 717 N.E.2d 1268, 1272 (Ind.Ct.App.1999); and *Loyd v. State,* 272 Ind. 404, 409, 398 N.E.2d 1260, 1265 (1980), the State argues that the special judge erred when he found that the 99 days "needed to appoint a special judge" pursuant to T.R. 53.2 "counts against the Criminal Rule 4 period." State's Brief at 8. According to the State, the 99 day delay was "due to exigent circumstances forcing the appointment of a special judge." *Id.* at 9. We cannot agree.

None of the three cited cases deals with the period of time between the filing of a T.R. 53.1(A) motion and the resulting order from our supreme court. The first two cases involved circumstances requiring the appointment of a special judge due to the "unavailability of a qualified trial judge," 647 N.E.2d at 13, 717 N.E.2d at 1272; the latter case involved "serious illness in the family of the trial prosecutor assigned to try the case." 398 N.E.2d at 1265. The record reveals no such special

circumstances in this case. Moreover, we noted in *Goble* that the need for a special judge originated from the recusal of the initial trial judge after being "compelled to find Goble in contempt of court." 717 N.E.2d at 1272. As stated earlier in our discussion of *Hurst*, the relevant inquiry is whether the defendant caused a delay in trial. 688 N.E.2d at 407. The record before us evidences utterly no action by Stacy that led to the supreme court being asked to appoint a special judge.

■ Under Criminal Rule 4(C), "the burden is on the State ... to bring the defendant to trial within one year." *Hurst,* 688 N.E.2d at 408. "Once the time period under Criminal Rule 4(C) has elapsed, a defendant need only move for discharge." *Id.* The State did not bring Stacy to trial within one year. Therefore, the special judge properly granted his motion for discharge.

We affirm.

NAJAM, J., and BARNES, J., concur.