**Adrian MAY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 10A01–0211–CR–441.**

Court of Appeals of Indiana.

Aug. 21, 2003.

Matthew Jon McGovern, Louisville, KY, Bart M. Betteau, McDaniel & Betteau, New Albany, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Adrian May brings this interlocutory appeal of the trial court's denial of his motion for discharge.

We affirm.

### ISSUES

1. Whether May was entitled to discharge pursuant to Indiana Criminal Rule 4(C).

2. Whether May has been denied his right to a speedy trial.

### FACTS

On July 18, 2001, in Clark Superior Court # 1,[1] the State filed an information

---

1. On July 16, 2001, May had been charged with intimidation, a class D felony, and domestic battery, a class A misdemeanor in Superior Court # 3. By Local Rule 10(C), cases where the most serious charge is a class D felony or misdemeanor are assigned to Clark Superior Court 3. The charges filed on July 16th in Court # 3 were dismissed when the more serious charges were filed in Superior Court # 1 on July 18, 2001.

charging May with aggravated battery, a class B felony; battery, a class C felony; feticide, a class C felony; criminal recklessness, a class D felony, and intimidation, a class D felony. At the initial hearing on July 20, 2001, the trial court set an omnibus date of September 6, 2001, and a jury trial date of October 23, 2001. The trial court also set May's bond at $25,000 and "as a term of conditional pre-trial release on bond," ordered May to have no contact with the alleged victim. (App.32). That same day, July 20, 2001, May was released on bond.

On July 24, 2001, May filed a motion to dismiss all counts of the information. May asserted that the charges were "so vague as to prevent [him] from preparing a defense" and "unconstitutionally vague," (App.38), and sought a hearing. The trial court heard argument on August 28, 2001. On August 31, 2001, the trial court issued an order that "grant[ed] the dismissal of the Information filed on July 18, 2001," because it failed to "state the essential facts of these alleged offenses with sufficient certainty." (App.134). The order states that the "order of dismissal does not, of itself, constitute a bar to subsequent prosecution of the same crime" and that the trial court "may permit an amendment" of the information "so long as the amendment does not prejudice the substantial rights of the defendant." *Id.* Specifically, the State "may petition the Court for leave to amend the information by refiling said charges." (App.135). The order then noted the court's "effort to keep this case on schedule" and directed the State "to petition the Court for leave to amend within ten (10) days from the receipt of this Order to avoid procedural delays." *Id.*

On September 11, 2001, the State filed (1) a motion to amend the information and its proposed amended information, and (2)

a motion to correct error, arguing that the trial court had erred in granting May's motion to dismiss. The trial court scheduled a hearing on October 1, 2001. Initially, upon convening the hearing, the trial court emphasized that the State's motion to amend had not been granted, and this hearing was to consider that matter. When the trial court began to question the State about the proposed Amended Information, the State said it was withdrawing its motion to amend and asked for leave to refile at a later time. The trial court granted the request and asked if it should schedule another hearing. The State responded that it was not prepared to do so at that time. The State's motion to correct error was not discussed; nor was it ever ruled on.

On July 27, 2001, May had filed a "Motion to Release Bond Funds upon Final Disposition," asking that "the bond posted in this cause, upon disposition be released to" his counsel. (App.63). On August 1, 2001, the trial court ordered that "upon final disposition of this matter," the bond posted "in the above-referenced matter" be released to May's counsel. (App.76). On November 29, 2001, counsel asked that the bond be released, and the trial court ordered it released.

On April 2, 2002, the State filed an information in Clark Superior Court # 3 charging May with attempted feticide, a class C felony; intimidation, a class C felony; and domestic battery, a class A misdemeanor. On April 17, 2002, May's initial hearing was held. Also on April 17, 2002, May filed a motion to dismiss these charges, arguing *inter alia* that Local Rule 10(J) required the charges to be filed in the court from which "the same or similar case" had earlier been dismissed. (App. 290). After argument at a hearing on April 29, 2001, the trial court granted

May's motion to dismiss and transferred the case to Clark Superior Court # 1.

The case was re-docketed in Clark Superior Court # 1, and on May 6, 2002, a jury trial was scheduled for July 23, 2002. However, on May 17, 2002, May filed another Motion to Dismiss the charges, arguing that the State had failed to amend its original Information after the trial court's August 31, 2001 order of dismissal or to appeal the deemed denial of its Motion to Correct Error. The trial court set the matter for hearing on July 17, 2001, but "due to a congested docket" involving another criminal case, it rescheduled the hearing on May's motion to dismiss for July 25, 2002. (App.19). The trial court heard argument on July 25, 2002, denied May's motion, and rescheduled trial for September 17, 2002. May then made an oral motion for discharge in open court, and the trial court scheduled a hearing on the matter for August 14, 2002. Subsequently, on August 4, 2002, May moved for a continuance of that hearing date. On August 16, 2002, by agreement, the matter was ultimately reset for August 27, 2002.

On August 27, 2002, May filed a written Motion for Discharge, asserting a violation of Criminal Rule 4(C) and his constitutional right to a speedy trial, and a brief in support thereof. The motion requested findings of fact and conclusions of law, pursuant to Indiana Trial Rule 52. May also agreed to a continuance, with the new hearing on the motion for discharge to be held September 15, 2002. On that day, the trial court heard argument by the parties, issued its order denying May's motion for discharge on September 16, 2002, and set a new trial date for November 12, 2002.

The trial court concluded that the original case had been dismissed pursuant to the court's order issued on August 31, 2001, "Order dismissing the information"; the State having withdrawn its motion to amend the information on October 1, 2001; the State's motion to correct error having deemed denied; and May's bond having been released. (App.357). Because the last of these events occurred on November, 29, 2001, the trial court concluded that the original case "was dismissed no later than November 29, 2001." (App.358). The trial court further determined that no time "between the dates of November 29, 2001 and the refiling of charges on April 2, 2002" was chargeable to the State. Finally, the trial court held that even if no delay were chargeable to May "since the case was originally filed in this Court," there would be "303 days charged to the State as of September 16, 2002," and 62 days remaining in which to bring May to trial. (App.358).

May filed a Motion to Correct Error on September 23, 2002. After a hearing on October 7, 2002, the trial court denied the motion, stating that when it did not charge time between the dismissal of the original charges and the re-filing to the State, it had relied on *Bentley v. State,* 462 N.E.2d 58 (Ind.1984), and declined to follow *State v. McCarty,* 243 Ind. 361, 185 N.E.2d 732 (Ind.1962). On October 24, 2002, May petitioned the trial court to certify its order for interlocutory appeal. The trial court did so on October 29, 2002, and we accepted jurisdiction of the appeal. *See* Ind. Appellate Rule 14(B).

### DECISION

1. *Criminal Rule 4(C)*

 Criminal Rule 4(C) provides as follows:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on

such charge, whichever is later; except where delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar;.... Any defendant so held shall, on motion, be discharged.

Criminal Rule 4 "generally implements the constitutional right of a criminal defendant to a speedy trial, thereby establishing time limits and providing for discharge in the event that limits are exceeded." *Sweeney v. State,* 704 N.E.2d 86, 99 (Ind.1998), *cert. denied* 527 U.S. 1035, 119 S.Ct. 2393, 144 L.Ed.2d 793. Whether a particular delay in bringing a defendant to trial violates the speedy trial guarantee is a determination that "largely depends on the specific circumstances of the case." *Wheeler v. State,* 662 N.E.2d 192, 193 (Ind.Ct.App.1996).

■ May first argues that the trial court erred in holding that "the one-year time period within which to bring the accused to trial in Criminal Rule 4C was tolled between the time the information was dismissed" in the first actions "and the time charges were eventually re-filed" because he would have still been held "on recognizance" during that period pursuant to the "statutory scheme" of Indiana Code § 35–34–1–4(d). May's Br. at 9, 15. We disagree.

I.C. § 35–34–1–4(d) provides:

(d) Upon the motion to dismiss, the court shall:

(1) overrule the motion to dismiss;

(2) grant the motion to dismiss and discharge the defendant; or

(3) grant the motion to dismiss and deny discharge of the defendant if the court determines that the indictment

or information may be cured by amendment under section 5 of this chapter and the prosecuting attorney has moved for leave to amend.

If the court grants the motion under subdivision (3) and grants the prosecuting attorney leave to amend, any prior order imposing conditions of release pending trial shall stand unless otherwise modified or removed by order of the court.

Thus, May reasons, he remained subject to the conditions of the July 2001 pre-trial release order until September of 2002 [2] and was, therefore, entitled to discharge for having been held on recognizance well in excess of one year.

However, May's argument presupposes that the trial court granted the dismissal pursuant to I.C. § 35–34–1–4(d)(3). The record does not establish that the dismissal was such. When the trial court issued its order of dismissal on August 31, 2001, the State had "not moved to amend." *Id.* Further, the State's subsequent motion to amend was withdrawn on October 1, 2001. Therefore, we do not find that May was entitled to discharge because he remained subject to the pre-trial order pursuant to I.C. § 35–34–1–4(d) until September of 2002.

Next, May argues that *State v. McCarty,* 243 Ind. 361, 185 N.E.2d 732 (1962) "presents an identical factual scenario" and mandates reversal. May's Br. at 16. *McCarty* held that under the statute in effect at the time, Ind.Code § 9–1130 (repealed in 1973), the trial court's order sustaining the defendant's motion to quash did not toll the State's statutory obligation to bring the defendant to trial within a

**2.** At a later place in his brief, May indicates that he believes he was subject to the pre-trial release order until September 19, 2002, because that is the date for which "CASE CLOSED" is stated in the CCS on the cause number assigned to the information charging May on July 18, 2001. *See* May's Br. at 12.

certain period of time. 185 N.E.2d at 737. The court noted that the statute

> expressly provided that, following the sustaining of a motion to quash, 'the defendant *shall not be discharged,*' pending the filing of a new indictment or affidavit, unless, in the opinion of the court, the objections raised in the motion to quash cannot be avoided in a new charge.

185 N.E.2d at 737 (emphasis in original) (quoting I.C. § 9–1130, Burns' 1956 Repl., and citing Ind.Code § 9–1403, Burns' 1956 Repl.).

■ However, the statutory scheme in existence today—quoted in the previous discussion—provides two options for the trial court upon granting a motion to dismiss an information: either grant the motion and discharge the defendant, or grant the motion to dismiss "and deny discharge. . . ." I.C. §§ 35–34–1–4(d)(2) and (d)(3). As we have already determined, the trial court did not grant the dismissal pursuant to the latter subsection. Given that the statute in effect today differs from that in *McCarty,* we do not find that *McCarty* mandates discharge in May's case. Further, since *McCarty,* our supreme court has repeatedly held that unless the defendant is incarcerated, the dismissal and refiling of charges "tolls" the "speedy trial clock . . . for the actual days between the dismissal and refiling." *Sweeney,* 704 N.E.2d at 101 (citing *Goudy v. State,* 689 N.E.2d 686, 691 (Ind.1997); *Young v. State,* 521 N.E.2d 671, 673 (Ind. 1988)). *See also Bentley,* 462 N.E.2d at 60 ("when a criminal charge is dismissed, the person is not then being held 'to answer a criminal charge' " for the purposes of determining the State's compliance with Crim. R. 4(C)'s time requirements).

May also argues that reversal is mandated by *State v. Roberts,* 171 Ind.App. 537, 358 N.E.2d 181 (1976). In *Roberts,* a juvenile had been held in the custody of the sheriff for fifty days before he was charged; the trial court granted his motion for discharge pursuant to Criminal Rule 4(B), and we affirmed. Specifically, we held that Roberts was entitled to discharge because the State had delayed "for an unreasonable period of time, under the circumstances, the filing of charges following [Roberts'] arrest and incarceration." *Poe v. State,* 445 N.E.2d 94, 96 (Ind.1983) (explaining *Roberts* ). As May was not incarcerated during the period between the dismissal of the information and the refiling of charges, *Roberts* is inapposite.

May further claims that after the August 31, 2001 order dismissing the charges "pursuant to Indiana Code § 35–34–1–4(d)(3), all pretrial orders remain[ed] in place." May's Br. at 21. We have already determined that the dismissal was not pursuant to that provision. Therefore, this argument must fail.

May's next argument appears to be that he cannot be charged with delay for the time period following the State's filing of a motion to correct error after the trial court's dismissal order. However, there is no finding of delay by May related to the motion to correct error in the trial court's dismissal order. What the order on May's motion for discharge held was that the State's obligation to bring May to trial was not tolled until after the motion was deemed denied—which would be 45 days after the September 10, 2001 filing date, or October 25, 2001. We note that after the deemed denial of the motion, the State also had 30 days in which to file a timely praecipe for appeal; this would further extend the finality of the trial court's dismissal and the date at which the tolling of the State's obligation commenced.

■ Finally, May contends that despite the dismissal of the information and the

order to return of his bond money on November 29, 2001, he remained subject to the terms of the July 20, 2001 pre-trial release until the CCS shows the information as "CASE CLOSED." (App.14). He offers no authority for this proposition. Undisputably, May was not incarcerated after July 20, 2001. It is also undisputed that after the State's motion to correct error was deemed denied in November of 2001, he was no longer subject to the bond. Thus, his status could only arguably have been that he was on his personal recognizance. Just as the purpose of bail "is to ensure the presence of the accused at trial," *Phillips v. State*, 550 N.E.2d 1290, 1294 (Ind.1990), a criminal defendant released on "personal recognizance" has been released upon his commitment to the trial court "that he or she will appear for a scheduled matter of when told to appear." BLACK'S LAW DICTIONARY 1278 (7th ed.1999). Here, after the trial court's order of dismissal, the deemed denial of the State's motion to correct error, and the expiration of the State's time in which to praecipe for appeal, there were no pending charges filed against May and nothing for which May could have been ordered to appear. In other words, the original charges filed against May on July 18, 2001 had been dismissed by the trial court.

## 2. *Constitutional Speedy Trial Rights*

█ In considering a claim that a defendant "was deprived of his right to a speedy trial under the Indiana and United States Constitution," we apply "the analysis established in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)." *Sweeney*, 704 N.E.2d at 102. Specifically, the

> *Barker* analysis employs four factors: (1) length of delay, (2) defendant's assertion of his right, (3) the government's reason for the delay, and (4) the prejudice to the defendant.

*Sweeney*, 704 N.E.2d at 102 (citing *Barker*, 407 U.S. at 530, 92 S.Ct. 2182).

As to the length of the delay, from the date the first information charging May was filed—July 16, 2001—until the expiration of the State's ability to appeal the trial court's deemed denial of its motion to correct error on November 25, 2001, consumed 133 days which were chargeable to the State (or 137 days if we accept the trial court's date of the release of May's bond, November 29, 2001). From the date on which the State refiled charges against May—April 17, 2002 (the date of his initial hearing)—until July 17, 2002, adds an additional 92 days chargeable to the State. On July 17, 2002, the trial court rescheduled May's hearing on his motion to dismiss to July 25, 2002 because of court congestion due to another criminal case. The one year in which the State is obligated to try a defendant pursuant to Criminal Rule 4(C) "is extended ... by congestion of the court's calendar." *State v. Goble.*, 717 N.E.2d 1268, 1271 (Ind.Ct.App.1999). When the trial court reschedules trial "due to a congested calendar," it shall reschedule the trial to occur "within a reasonable time." Crim. R. 4(C). Here, the trial court rescheduled May's trial for a date two months later. Given the realities of the caseload borne by trial courts, the rescheduled date of two months later was "within a reasonable time." *Id.* Hence, the State's one-year period does not include the days between July 17, 2002 and September 17, 2002. Accordingly, the maximum total time chargeable to the State is the total of 137 days and 92 days, or 229 days. Thus, at the time the trial court ruled on May's motion for discharge based upon his right to a speedy trial, there remained 136 days for the State to have

tried him within the one-year period.[3]

 As to the "prejudice to the defendant" factor, established analysis places "the burden of demonstrating actual prejudice on the defendant to prove a speedy trial deprivation." *Sweeney*, 704 N.E.2d at 103 (citing *Lee v. State*, 684 N.E.2d 1143, 1146 (Ind.1997)). May's assertion in this regard is that he "was subjected to anxiety and concern," and "has yet to proceed to trial on charges that were originally filed on July 18, 2001." May's Br. at 32, 33. As to the latter, when the trial court denied May's motion for discharge, it set another trial date of November 12, 2002; it is May's action in pursuing an interlocutory appeal that has precluded his being tried at that time. As to May's anxiety and concern, we find it insufficient to demonstrate the actual prejudice factor.

Because none of the *Barker* factors weigh in May's favor, we conclude that he was "not deprived of his right to a speedy trial under either the Sixth Amendment to the United States Constitution or art. I, § 12, of the Indiana Constitution." *Sweeney*, 704 N.E.2d at 103.

Affirmed.

SULLIVAN and BAKER, JJ., concur.

---

3. We note, however, that the period from September 16, 2002 (when the trial court denied May's motion for discharge) until October 29, 2002 (when the trial court granted May's petition to certify this matter for interlocutory appeal) is time properly chargeable to the State.