**Edward L. PEARSON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 29A02–9303–CR–103.**

Court of Appeals of Indiana, First District.

Aug. 26, 1993.

---

Robert C. Becker, Richards, Boje & Pickering, Noblesville, for appellant-defendant.

Pamela Carter, Atty. Gen. of Indiana and Preson W. Black, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

BAKER, Judge.

Defendant-appellant Edward L. Pearson's sole argument on appeal is that his counsel was ineffective because he failed to file a motion for discharge pursuant to Ind.Crim.Rule 4(C). We agree and reverse his convictions for Public Intoxication, a Class B misdemeanor, and Operating a Motor Vehicle While Intoxicated with a Prior Conviction, a Class D felony.[1]

### DISCUSSION AND DECISION

To prevail on an ineffective assistance of counsel claim, the defendant must show 1) his counsel's performance fell below an objective standard of reasonableness, and 2) that there is a reasonable probability that but for counsel's deficient performance the result of the proceedings would have been different. *McCollum v. State* (1991), Ind., 582 N.E.2d 804, 810. Counsel is presumed competent, and the defendant must present strong and convincing evidence to rebut the presumption. *Id.* at 810–11.

Pearson claims his counsel was ineffective because he did not file a motion for discharge under Crim.R. 4(C). Crim.R. 4(C) sets forth a one-year time limitation for bringing a defendant to trial. The one-year period begins to run on the date the defendant is arrested or charged with a crime, whichever is later. *Id.* The State concedes Pearson was not brought to trial within the one-year period specified by Crim.R. 4(C). Instead, the State claims Pearson's attorney's failure to file a motion was a matter of strategy, not to be disturbed on appeal.

Here, the State filed charges against Pearson on October 3, 1990. Following several continuances, the trial was finally held on October 8, 1992. The record does not reflect Pearson caused any delays during the one-year period. *See Gamblin v. State* (1991), Ind.App., 568 N.E.2d 1040, 1043 (delays caused by defendant's acts extend the one-year period). Once the trial court sets a trial outside the one-year period, the defendant must alert the court and file a timely objection to avoid waiving his right to discharge. *Id.* at 1044. However, a defendant has no duty to object to the setting of a belated trial date when the setting of the date occurs after the time

---

**1.** IND.CODES 7.1–5–1–3 and 9–11–2–3 (now I.C. 9–30–5–3).

expires such that the court cannot reset the trial date within the time allotted by Crim.R. 4(C). *Morrison v. State* (1990), Ind., 555 N.E.2d 458, 463. All the defendant needs to do then is to move for discharge. *Id.* at 462–63.

On November 11, 1991, the trial court first set Pearson's trial date for January 23, 1992. Since the one-year period had already passed, Pearson was only required to file a motion for discharge pursuant to Crim.R. 4(C). We reject the State's argument that it may have been counsel's strategy to elect not to file a discharge motion in order to delay the trial. When faced with the option of a discharge or a delayed trial, it is not a reasonable strategy to forego discharge. Pearson has shown his counsel was deficient for failing to file the motion.

Next, Pearson must show a reasonable probability that but for counsel's deficient performance the result of the proceedings would have been different. *See McCollum, supra.* In *Rhoton v. State* (1991), Ind.App., 575 N.E.2d 1006, 1011, Rhoton failed to establish prejudice by his attorney's failure to file a motion for discharge. In *Rhoton,* the trial court scheduled the trial beyond the one-year period although time remained for scheduling it within the Crim.R. 4(C) period. If Rhoton's attorney had objected to the scheduling, the trial court could have reset the trial within the Crim.R. 4(C) time period or noted court congestion necessitating the belated trial date setting. Because Rhoton would not have automatically been discharged, he failed to demonstrate prejudice.

Pearson's situation is distinguishable from Rhoton's. The trial court did not schedule the first trial date until after the one-year period expired. If Pearson's attorney had filed a motion for discharge, then the court would have had no choice but to grant the motion. We reverse Pear-

son's convictions and order that he be discharged accordingly. *See Morrison, supra.*[2]

Reversed.

BARTEAU and GARRARD, JJ., concur.

**2.** Although we have repeatedly stated that it is the State's responsibility to see that a defendant is timely brought to trial, *see Rhoton, supra,* at 1010; *Biggs v. State* (1989), Ind.App., 546 N.E.2d 1271, 1274; *Martin v. State* (1981), Ind.App., 419 N.E.2d 256, 258; this result clearly suggests that timely disposition is a desirous result for the entire judicial system. Needless expense, both private and public, can be avoided with the trial court's assistance in alerting parties of potential and actual Crim.R. 4(C) violations.