Daniel M. WHEELER, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 21A05–9510–CR–412.

Court of Appeals of Indiana.

Feb. 26, 1996.

Thomas N. Leslie, Indianapolis, for appel-
lant.

Pamela Carter, Attorney General, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

SHARPNACK, Chief Judge.

This case comes before us on interlocutory appeal. Daniel M. Wheeler appeals the trial court's denial of his motion to dismiss, which alleged a violation of his right to a speedy trial. Wheeler contends that the State failed to bring him to trial within one year of his arrest as required by Ind.Crim.Rule 4(C). The sole issue for our review is whether the trial court erred in denying Wheeler's motion to dismiss. We affirm.

The facts most favorable to the judgment follow. On July 21, 1992, the State filed an information against Wheeler charging him with attempted arson, a class B felony. On July 24, 1992, Wheeler was arrested. On July 29, 1992, the trial court conducted an initial hearing and scheduled a pretrial hearing for September 29, 1992.

At the pretrial hearing, the State moved to continue the hearing to further plea negotiations with Wheeler. The court granted the motion and reset the hearing for November 24, 1992. On that day, Wheeler moved to continue the pretrial hearing, and the trial court again reset the hearing for January 12, 1993. On this day, Wheeler again moved to continue the pretrial hearing, but the court denied this motion and set the matter for a status hearing on March 9, 1993.

On February 1, 1993, the parties filed a signed plea recommendation, and the court set the matter for a guilty plea hearing on May 17, 1993. However, on April 15, 1993, the State withdrew its plea recommendation.

On June 8, 1993, the parties requested that the matter be set for a trial, and the court scheduled a jury trial for July 19, 1993. However, on July 14, 1993, Wheeler moved for a continuance. The trial court granted the continuance and reset the trial for October 4, 1993. On October 1, 1993, Wheeler moved for another continuance, which was granted. On February 3, 1994, the court reset the trial for May 23, 1994.

Prior to trial, on May 2, 1994, Wheeler filed a motion to dismiss which alleged a violation of his right to a speedy trial on the ground that the State failed to bring him to trial within one year of his arrest. On May 19, 1994, the trial court denied the motion to dismiss, and Wheeler now appeals.

The determination of whether a particular delay in bringing a defendant to trial violates the speedy trial guarantee largely depends on the specific circumstances of the case. *Barker v. Wingo*, 407 U.S. 514, 530–31, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972). To ensure that a criminal defendant's right to a speedy trial is not denied, a state may adopt a fixed time limit within which criminal cases normally must be brought to trial. *Id.* at 530 n. 29, 92 S.Ct. at 2192 n. 29. Our supreme court has adopted Crim.R. 4(C), which provides in part:

"No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calender...."

Crim.R. 4(C).

A defendant is responsible for any delay caused by his action including seeking or acquiescing in any continuance. *Ferguson v. State*, 594 N.E.2d 790, 792 (Ind.Ct.App. 1992). If a delay is caused by the defendant's own motion or action, the one year time limit is extended accordingly. *Burdine v. State*, 515 N.E.2d 1085, 1090 (Ind.1987), *reh'g denied.*

Wheeler contends that although he filed motions for continuance which resulted in subsequent delays, the State still failed to bring him to trial within the statutory prescribed limit of one year. The State has to bring the defendant to trial within one year of the defendant's arrest or charge, whichever is later. Crim.R. 4(C). Here, Wheeler was charged with attempted arson on July

21, 1992, and arrested on July 24, 1992. Accordingly, the State had to bring Wheeler to trial no later than July 24, 1993, provided that Wheeler did not cause any delays.

The record reveals that Wheeler moved to continue the pretrial hearing on November 24, 1993, which was granted. The trial court then reset the hearing forty-nine days later on January 12, 1993. Since Wheeler caused this delay, the one year time limit was extended accordingly. *See Burdine*, 515 N.E.2d at 1090. Therefore the new deadline was pushed back forty-nine days to September 11, 1993.

The trial court set Wheeler's trial for July 19, 1993, which fell within the extended one year time limitation. However, Wheeler moved for a continuance on July 14, 1993, which was granted. The trial court then reset Wheeler's trial for October 4, 1993. Since Wheeler moved for the continuance, any subsequent delay caused by this action was attributed to him. *See Ferguson*, 594 N.E.2d at 792.

The delay continued for seventy-nine days until October 1, 1993, when Wheeler moved for another continuance. The trial court granted Wheeler's continuance, but failed to reset a new trial date. It was not until February 3, 1994, that the trial court scheduled a new trial date.

■■■ When a defendant requests an indefinite continuance and later becomes dissatisfied that his trial has not been reset, he must take some affirmative action to notify the court that he now desires to go to trial to reinstate the running of the time period. *Moreno v. State*, 166 Ind.App. 441, 455, 336 N.E.2d 675, 684 (1975). Here, since Wheeler in no way notified the trial court that he was now ready to go to trial, the subsequent delay should be attributed to him.

■■■ However, when determining the extent of the delay caused by the defendant's actions, we must proceed on a case-by-case basis. *Gross v. State*, 258 Ind. 46, 49, 278 N.E.2d 583, 585 (1972). In *State v. Tomes*, we found that, under the facts of the case, the defendant was not required to notify the court that he wanted to proceed with the trial to reinstate the running of the time period. *State v. Tomes*, 466 N.E.2d 66, 70 (Ind.Ct.App.1984). We distinguished *Moreno* on two grounds. First, unlike the case in *Moreno*, Tomes did not move for an indefinite continuance, but rather a continuance which eventuated in a lengthy delay due to the court's failure to reset the trial, for undisclosed reasons. *Id.* Second, Tomes had a sixteen month delay following his motion for continuance which was substantially longer than the four month delay in *Moreno*. *Id.*

Under the facts of the present case, we are inclined to follow *Moreno*. Similar to that case, Wheeler moved for an indefinite continuance. In his motion for continuance, Wheeler did not indicate a specific length of delay, but rather requested "additional time to discuss plea with Prosecutor's office...." Record, p. 22. Moreover, Wheeler had a four month delay following his motion for continuance which was the same length as the delay in *Moreno*. Therefore, under *Moreno*, the delay following Wheeler's motion for continuance from October 1, 1993, to February 3, 1994, was also attributed to him.

In sum, Wheeler was responsible for the delay starting on July 14, 1993, when he moved for his first continuance. This delay was extended on October 1, 1993, when Wheeler moved for his second continuance. The delay ended on February 3, 1994, when the trial court rescheduled Wheeler's trial. This extended delay totaled 204 days. Accordingly, the new deadline was pushed back 204 days from September 11, 1993, to April 3, 1994. The record reveals that the State failed to meet this deadline, and as a result, violated Wheeler's right to a speedy trial.

■■■ However, the record also reveals that Wheeler did not raise a timely objection at the hearing on February 3, 1994, when the trial court rescheduled his trial for May 23, 1994. When the trial court sets a trial outside the one year period, the defendant must alert the court and file a timely objection to avoid waving his right to discharge. *Pearson v. State* (1993), Ind.App., 619 N.E.2d 590, 591. Therefore, Wheeler could not sit back and wait for the deadline to pass, but rather, had a duty to notify the court that the new trial date of May 23, 1994, fell outside the

one year time limit set by Crim.R. 4(C).[1] Since Wheeler failed to alert the court and file a timely objection, he has waived this issue.

For the forgoing reasons, we affirm the judgment of the trial court.

AFFIRMED.

RUCKER and ROBERTSON, JJ., concur.

---

1. We note that the defendant has no duty to object to the setting of a belated trial date when the setting of the date occurs after the time expires such that the court cannot reset the trial within the time allotted by Crim.R. 4(C). *Pearson v. State,* 619 N.E.2d 590, 591 (Ind.Ct.App. 1993). However, this exception is inapplicable because the trial court reset the trial date on February 3, 1994, which was before the April 3, 1994 deadline.