**STATE of Indiana, Appellant–Defendant,**

v.

**Chad E. McGUIRE, Appellee–Plaintiff.**

No. 21A04–0101–CR–2.

Court of Appeals of Indiana.

Sept. 5, 2001.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Thomas M. Thompson, Smith & Thompson, Connersville, IN, Attorney for Appellee.

## OPINION

DARDEN, Judge.

### *STATEMENT OF THE CASE*

The State appeals the grant of Chad E. McGuire's motion for discharge under Indiana Criminal Rule 4(C).[1]

We reverse.

### *ISSUE*

Whether McGuire's motion for discharge was erroneously granted.

### *FACTS*

On December 30, 1998, the State filed an information alleging in Count I that McGuire had operated a vehicle while intoxicated, and in Count II that McGuire operated a vehicle with .10% alcohol by weight in grams. Also, the State filed an allegation that McGuire had a previous driving while intoxicated conviction within the past five years.

The Chronological Case Summary (CCS)[2] indicates that McGuire's initial hearing was held on January 6, 1999. McGuire's cause was set for a jury trial to be held on April 19, 1999. On April 1, 1999, McGuire filed a written motion to reschedule his trial date "for the reason that plea negotiations are in progress." (R. 51). The written motion appears in the record of proceedings, but was not

1. The State's Brief of Appellant notes that this cause is one of sixteen that were discharged by the special judge after a number of cases were withdrawn from the original trial judge at the State's request.

2. Under the heading "DOCKET ENTRIES," the CCS includes the following notation: "THIS IS NOT ALL THE DOCKET ENTRIES." (R. 2). We issued a Writ of Certiorari on July 16, 2001 for a full, true, and correct copy of the CCS. The certified copy we received is substantially the same for the pertinent time period as the CCS originally included in the record of proceedings.

entered on the CCS. The CCS does not reveal a ruling on the motion; however, no trial occurred on April 19, 1999.

The next CCS entry, made on October 28, 1999, shows that the trial court set a pretrial hearing for December 10, 1999 and stated that "a definite Trial date to be set if this matter is not resolved." (R. 2). The CCS does not reveal any action taken on December 10, 1999, and no trial date was set by the trial court.

On January 24, 2000, the State filed its motion for the setting of a trial date. The trial court did not rule on the motion. On March 6, 2000, pursuant to Indiana Trial Rule 53.1, the State filed its praecipe for withdrawal of jurisdiction from the trial court and transfer to the Indiana Supreme Court for appointment of a special judge. The Indiana Supreme Court issued an order appointing a special judge on May 30, 2000. The CCS contains an entry on June 7, 2000, noting that the order appointing the special judge was received and forwarded to the parties.

The CCS contains an entry for June 9, 2000, stating that the special judge set the matter for a "STATUS SETTLEMENT CONFERENCE" on June 13, 2000. On June 13, 2000, McGuire filed his motion for discharge pursuant to Crim.R. 4(C). On June 26, 2000, the State filed its response opposing discharge. Subsequently, the matter was set for a hearing.

The hearing was held on August 22, 2000, and on September 12, 2000, the special judge granted McGuire's motion for discharge. The special judge determined that because the trial date was ignored and no ruling appeared in the record, the defendant could not be charged with delay as to the request for a continuance. Also, the trial court ruled that McGuire could not be assessed the time attributable to the appointment of a special judge.

## DECISION

The State contends that the trial court erred in granting McGuire's motion for discharge because McGuire requested an indefinite continuance of the trial date set for April 19, 1999. Thus, according to the State, only the 110 days from the date the information was filed to the date of McGuire's request for an indefinite continuance are chargeable to the one-year period in which Crim.R. 4(C) requires defendants to be tried. In essence, the State asks us to attribute all of the delay to McGuire after he requested that his jury trial be rescheduled in order to allow plea negotiations.

Indiana Criminal Rule 4(C) provides as follows:

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

■ The rule provides for the discharge of a defendant held to answer for a criminal charge for a period in aggregate of more than one year, except when the delay is attributable to acts by the defendant, to emergency, or to congestion of the court calendar. *See Loyd v. State,* 272 Ind. 404, 409, 398 N.E.2d 1260, 1265 (1980), *cert. denied* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105 (1980). "The right of an accused to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 12 of the Indiana Constitution." *Clark v. State,* 659 N.E.2d 548, 551 (Ind. 1995). "[T]he provisions of Indiana Criminal Rule 4 implement the defendant's speedy trial right" by "expressly requir[ing] that a defendant be discharged if not brought to trial within certain prescribed time limits." *Id.* "The determination of whether a particular delay in bringing a defendant to trial violates the speedy trial guarantee largely depends on the specific circumstances of the case." *Wheeler v. State,* 662 N.E.2d 192, 193 (Ind.Ct.App. 1996).

■ When a defendant seeks or acquiesces in a delay, the time limitations set by Crim.R. 4 are extended by the length of the delay. *See Vermillion v. State,* 719 N.E.2d 1201, 1204 (Ind.1999). Moreover, "[w]hen a defendant requests an indefinite continuance and later becomes dissatisfied that his trial has not been reset, he must take some affirmative action to notify the court that he now desires to go to trial to reinstate the running of the time period." *Wheeler,* 662 N.E.2d at 194. Absent the

notification, the subsequent delay is attributable to the defendant. *Id.*

■ Although not listed on the CCS,[3] McGuire acknowledges and the record reveals that on April 1, 1999 he filed a motion to "reschedule" the April 19, 1999 jury trial. His motion requested an indefinite delay in the trial date while the parties engaged in plea negotiations. The CCS does not list a ruling on the motion; however, it is evident that an indefinite continuance was granted. We base our observation on two facts: 1) a trial did not take place on April 19, 1999, and 2) the October 28, 1999 CCS entry stated that the matter was set for a pretrial conference to be held on December 10, 1999, and also stated that a definite trial date would be set at that time if plea negotiations had not settled the matter.

Neither the CCS nor the record of proceedings reveals any request for a trial setting by McGuire. Pursuant to *Vermillion* and *Wheeler,* once the defendant has requested an indefinite delay he must take some affirmative action to notify the trial court that he is dissatisfied with the delay and desires to go to trial in order to recommence the running of the Crim.R. 4(C) period. Because McGuire never did take any affirmative action to express dissatisfaction with his previous request for the delay and that he desired to go to trial, the entire time period after the indefinite continuance request was granted is attributable to McGuire.

It is of no moment that the State subsequently requested a trial setting in January 2000. It is undisputed that McGuire

---

**3.** Notwithstanding the prefatory note on the CCS that it does not contain all of the rulings, the CCS is "required by law to be kept and shows the trial court's actions, orders, and rulings." *See Cotton v. State,* 658 N.E.2d 898, 900 (Ind.1995); *see also* Ind. Trial Rule 77(B). "Normally when a proper judgment is pre-

pared, the court clerk then makes a verbatim entry of such judgment in the Record of Judgments and Orders ("RJO") and also places a summary notation of the RJO entry in the Chronological Case Summary ("CCS")." *Whatley v. State,* 685 N.E.2d 48, 50 (Ind. 1997).

did not join in the State's request for a trial setting or indicate any desire to end the delay. Because McGuire had initiated the delay by seeking an indefinite continuance, he had an affirmative duty to take some action to end the delay and could not rely upon the request by the State. If we were to find otherwise, McGuire would have gained the benefit from the request for the indefinite delay, but would have sustained no corresponding assessment of responsibility for the delay. Once McGuire stopped the Crim.R. 4(C) clock, the burden to restart the clock was not on the State.

Reversed and remanded for proceedings not inconsistent with this opinion.

NAJAM, J., and BARNES, J., concur.