STATE of Indiana, Appellant–Plaintiff,

v.

Gary W. ISAACS, Appellee–Defendant.

No. 21A04–0101–CR–4.

Court of Appeals of Indiana.

Oct. 18, 2001.

Rehearing denied Dec. 18, 2001.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Thomas M. Thompson, Smith & Thompson, Connersville, IN, Attorney for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

The State appeals the trial court's grant of Gary W. Isaacs' motion for discharge pursuant to Indiana Criminal Rule 4(C).

We affirm.

---

1. The CCS is an official record of the trial court. *Anderson v. Horizon Homes, Inc.,* 644 N.E.2d 1281, 1287 (Ind.Ct.App.1995) (citing Ind. Trial Rule 77(B)). Further, it has long been the law in Indiana that a court speaks only by its record. *See O'Malia v. State,* 207 Ind. 308, 192 N.E. 435, 436 (1934).

2. T.R. 53.1(A) provides as follows:

### ISSUE

Whether the trial court erroneously granted Isaacs' motion.

### FACTS

On May 19, 1999, the State charged Isaacs with resisting law enforcement. That same day, Isaacs appeared for his initial hearing, a not guilty plea was entered on his behalf, and trial was set for July 16, 1999. Isaacs failed to appear for trial on July 16, 1999, but later appeared in court on July 26, 1999, and stated that he "thought [that day] was his court date." (App. 14). The trial court did not set another trial date but instead scheduled a pretrial hearing on August 6, 1999 "with a trial date to be set if not resolved at this hearing." *Id.* The only entry for August 6, 1999 in the CCS[1] indicates that the State filed its first disclosure statement on that day. The CCS next reflects that on October 15, 1999, the State filed a motion for the trial court to set a trial date.

On February 4, 2000, Isaacs filed a motion for a continuance "of the trial now set in this cause for the 14th day of February, 2000," due to counsel having to try another case on the same day (App. 21). Apparently, the trial court failed or refused to set another trial date because on February 29, 2000, the State filed a praecipe for withdrawal of jurisdiction and transfer to the Indiana Supreme Court pursuant to Trial Rule 53.1(A).[2] On June 7, 2000, the

**Time limitation for ruling.** In the event a court fails for thirty (30) days to set a motion for hearing or fails to rule on a motion within thirty (30) days after it was heard or thirty (30) days after it was filed, if no hearing is required, upon application by an interested party, the submission of the cause may be withdrawn from the trial judge and transferred to the Supreme Court for the appointment of a special judge.

trial court received the supreme court's order withdrawing the case from the original trial judge and appointing a special judge. On June 30, 2000, Isaacs filed a motion for discharge pursuant to Criminal Rule 4(C), which prescribes a one-year period within which a criminal defendant must be brought to trial. After hearing argument on the motion, the special judge ordered that Isaacs' motion be granted and Isaacs discharged.

## DECISION

The State argues that the trial court erred when it granted Isaacs' motion for discharge. Specifically, the State contends that "only the 58 days from the filing of the charge against [Isaacs] to the first scheduled trial date of July 16, 1999" can be attributed to the aggregate 365 days in which Criminal Rule 4(C) requires that the State bring Isaacs to trial. State's Brief at 5. The State posits that all delay subsequent to Isaacs' failure to appear for the July 16, 1999 trial was "delay, caused by [Isaacs'] action" that "accrues to [Isaacs]." *Id.* We disagree.

"The right of an accused to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 12 of the Indiana Constitution." *Clark v. State,* 659 N.E.2d 548, 551 (Ind.1995). "[T]he provisions of Indiana Criminal Rule 4 implement the defendant's speedy trial right" by "expressly requir[ing] that a defendant be discharged if not brought to trial within certain prescribed time limits." *Id.*

Criminal Rule 4(C) provides as follows: No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except

where delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar.... Any defendant so held shall, on motion, be discharged.

■■■ When a defendant seeks or acquiesces in a delay, the time limitations set by Criminal Rule 4 are extended by the length of the delay. *See Vermillion v. State,* 719 N.E.2d 1201, 1204 (Ind.1999). Moreover, "[w]hen a defendant requests an indefinite continuance and later becomes dissatisfied that his trial has not been reset, he must take some affirmative action to notify the court that he now desires to go to trial to reinstate the running of the time period." *Wheeler v. State,* 662 N.E.2d 192, 194 (Ind.Ct.App.1996). Absent such notification, the subsequent delay is attributable to the defendant. *Id.*

■■■ However, whether a particular delay in bringing a defendant to trial violates the speedy trial guarantee is a determination that "largely depends on the specific circumstances of the case." *Id.* And the dispositive fact is whether a defendant's action actually "cause[d] a delay in trial." *State v. Hurst,* 688 N.E.2d 402, 407 (Ind. 1997).

The State cites *Cooley v. State,* 172 Ind. App. 199, 360 N.E.2d 29, 32 (1977), for the proposition that continuances resulting from a defendant's failure to appear for trial constitute a continuance caused by that defendant's act. It finds this authority to warrant holding Isaacs responsible as having "caused delay" pursuant to the Rule for all the time subsequent thereto. In *Cooley,* the defendant failed to appear for trial on August 28, 1972; he was subsequently imprisoned for a crime in Illinois until paroled by Illinois authorities and returned to Indiana to stand trial on July 11, 1974. We held that "from August 28,

1972, when he failed to appear and left the court's jurisdiction, until July 11, 1974, when he returned to Indiana, constituted delay caused by acts of the accused" under Criminal Rule 4(C). 360 N.E.2d at 32.

■ Isaacs failed to appear for trial on July 16, 1999. However, even if the record is read to reflect that he remained outside the court's jurisdiction, it was only for a few days until he appeared in court on July 26, 1999. Therefore, *Cooley* does not sustain the State's argument. Further, the record does not reflect any facts about the scheduled pretrial conference of August 6, 1999. Because "the record is silent concerning the reason" for any delay after August 6, 1999, delay subsequent to that date should not be attributed to Isaacs. *Schwartz v. State*, 708 N.E.2d 34, 36 (Ind. Ct.App.1999).

■ We are aware that on February 4, 2000, Isaacs filed a motion for a continuance of a February 14, 2000 trial date.[3] However, the motion stated that the continuance was only sought "for the reason that" a trial was to commence in another matter on that date in another court. The reasonable inference, which the State does not dispute, is that counsel had a conflict which created an impossibility of his trying two cases on the same date. Therefore, we find that the motion did not seek an indefinite continuance, *see Wheeler*, 662 N.E.2d at 194, but rather an immediate continuance such that the trial court could reset the trial for any time thereafter. The motion may have resulted in some delay "caused by" and therefore attributable to Isaacs under Criminal Rule 4(C),[4]

but it does not warrant Isaacs' trial having been delayed for very long.

■ The State also contends that pursuant to *Henderson v. State*, 647 N.E.2d 7, 13 (Ind.Ct.App.1995), *trans. denied, State v. Goble*, 717 N.E.2d 1268, 1272 (Ind.Ct. App.1999), and *Loyd v. State*, 272 Ind. 404, 409, 398 N.E.2d 1260, 1265 (1980), time after the State sought to have Isaacs' case transferred should not be counted against its one-year period under Criminal Rule 4(C). However, none of the three cases cited are apposite to the facts herein. Both *Henderson* and *Goble* involved circumstances requiring the appointment of a special judge due to the "unavailability of a qualified trial judge." 647 N.E.2d at 13, 717 N.E.2d at 1272. *Loyd* involved "serious illness in the family of the trial prosecutor assigned to try the case." 398 N.E.2d at 1265. The record reveals no such special circumstances in this case. And as we found in *State v. Stacy*, the record before us evidences utterly no action taken by Isaacs that led to the supreme court being asked to intervene and appoint a special judge. *See State v. Stacy*, 752 N.E.2d 220, 225 (Ind.Ct.App.2001).

■ The State argues that only the 58 days of its one-year period that accrued from the date of the information on May 19, 1999 until the July 16, 1999 trial date should be charged to it. It is undisputed that Isaacs caused a short delay from when he failed to appear for trial on July 16, 1999. However, Isaacs appeared in court on July 26, 1999, and the trial court could have set another date anytime thereafter but instead chose to set a pre-trial conference for August 6, 1999. Given the

---

**3.** The CCS does not reflect this trial date, but it does show the motion for a continuance filed on February 4, 2000. The filing of the motion for a continuance must have been insignificant and had no bearing on the outcome of the case inasmuch as the State failed to address it in its brief; and it is, therefore, waived.

**4.** The record does not reflect a ruling on the motion, but obviously the trial did not take place on February 14, 2000.

facts as to which the record herein is silent, we do not find Isaacs to be at fault for the State's failure to bring him to trial within the aggregate period of one (1) year from the date he was charged with the criminal offense. Accordingly, Isaacs was entitled to the discharge ordered by the trial court.

We affirm.

MATHIAS, J., and VAIDIK, J., concur.