STATE of Indiana, Appellant–Plaintiff,

v.

Christine PENWELL, Appellee–Defendant.

No. 29A02–0704–CR–328.

Court of Appeals of Indiana.

Oct. 23, 2007.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Bryan Lee Ciyou, Ciyou & Dixon, P.C., Indianapolis, IN, Attorney for Appellee.

## OPINION

KIRSCH, Judge.

The State of Indiana appeals the trial court's order discharging Christine Penwell for violation of Indiana Criminal Rule 4(C) contending that the trial court erred in charging the delay resulting from a stay pending Penwell's petition for certiorari to the Supreme Court of the United States to the State. We agree.

We reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Penwell was charged with battery and neglect on March 11, 2003. She filed a motion to suppress which the trial court denied and which this court affirmed on interlocutory appeal.[1] In May of 2005, Penwell requested a stay of proceedings from the trial court pending her petition for certiorari to the United States Supreme Court. The trial court granted the stay on May 26, 2005 pending a ruling by the Supreme Court on Penwell's petition. The Supreme Court denied the petition on October 3, 2005. Notice of the denial was sent to Penwell's counsel and to this court. No notice was sent to the State of Indiana or to the trial court.

The State did not learn that Penwell's petition for certiorari had been denied until October, 2006. It immediately notified the trial court of the ruling and requested a trial setting. The trial court set the matter for trial on February 5, 2007. Penwell filed her motion for discharge contending that she had not been brought to trial within one year as required by Ind. Crim. R. 4(C). The trial court ruled that its stay lifted automatically upon the denial of Penwell's petition for certiorari on October 3, 2005 and that the time that had accrued thereafter was chargeable to the State. Because this period of time exceeded one year, the trial court granted Penwell's motion for discharge.

## DISCUSSION AND DECISION

Crim. R. 4(C) provides:

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his

---

1. *Penwell v. State*, 29A02–0402–CR–147, 822 N.E.2d 664 (Ind.Ct.App., January 26, 2005), *trans. denied, cert. denied* 546 U.S. 888, 126 S.Ct. 217, 163 L.Ed.2d 199 (2005).

act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

■ The rule provides for the discharge of a defendant held to answer for a criminal charge for a period in aggregate of more than one year, except when the delay is attributable to acts by the defendant, to emergency, or to congestion of the court calendar. *See Loyd v. State,* 272 Ind. 404, 409, 398 N.E.2d 1260, 1265 (1980), *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105 (1980). "The right of an accused to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 12 of the Indiana Constitution." *Clark v. State,* 659 N.E.2d 548, 551 (Ind. 1995). "[T]he provisions of Indiana Criminal Rule 4 implement the defendant's speedy trial right" by "expressly requir[ing] that a defendant be discharged if not brought to trial within certain prescribed time limits." *Id.* "The determination of whether a particular delay in bringing a defendant to trial violates the speedy trial guarantee largely depends on the specific circumstances of the case." *Wheeler v. State,* 662 N.E.2d 192, 193 (Ind.Ct.App. 1996).

■ When a defendant asks for a continuance, the time between the motion for a continuance and the new trial date is chargeable to the defendant. *Young v. State,* 482 N.E.2d 246, 249 (Ind.1985). Similarly, when a defendant seeks or acquiesces in a delay, the time limitations set by Crim. R. 4 are extended by the length of the delay. *Vermillion v. State,* 719 N.E.2d 1201, 1204 (Ind.1999). Moreover, "[w]hen a defendant requests an indefinite continuance and later becomes dissatisfied that his trial has not been reset, he must take some affirmative action to notify the court that he now desires to go to trial to reinstate the running of the time period." *Wheeler,* 662 N.E.2d at 194. Absent the notification, the subsequent delay is attributable to the defendant. *Id.*

In *State v. McGuire,* 754 N.E.2d 639 (Ind.Ct.App.2001), *trans. denied,* the defendant had moved to reschedule his trial to allow the parties to engage in plea negotiations. This court reversed the trial court's order of discharge and held that once the defendant has requested an indefinite delay he must take some affirmative action to notify the trial court that he is dissatisfied with the delay and desires to go to trial in order to recommence the running of the Crim. R. 4(C) period. Because the defendant did not take any affirmative action to express dissatisfaction with his previous request for the delay and indicate that he desired to go to trial, the entire time period after the indefinite continuance request was granted was attributable to the defendant.

■ So, too, here. Penwell sought and received an indefinite delay in her trial to allow her to file a petition for certiorari with the United States Supreme Court. Having done so, it was incumbent upon her to take affirmative action to notify the trial court that she was dissatisfied with the delay and desired to go to trial. Until she

did so, the time under Crim. R. 4(C) was attributable to her. The trial court erred in granting Penwell's motion for discharge.

Reversed and remanded.

ROBB, J., concurs.

BARNES, J., dissents with separate opinion.

BARNES, Judge, dissenting.

I respectfully dissent. I believe the State fell asleep at the switch here, and that the delay in setting a trial date for Penwell after the United States Supreme Court denied her petition for certiorari is chargeable to the State.

First, I do not believe this was a case in which the defendant moved for an "indefinite continuance," such as where the defendant moves for a continuance in order to pursue plea negotiations with the State. See State v. McGuire, 754 N.E.2d 639, 642 (Ind.Ct.App.2001), trans. denied. Here, although the precise date on which the Supreme Court would rule on Penwell's certiorari petition was not known in advance, its ultimate ruling on the petition occurred on a date certain and was a matter of public record. Penwell's motion for continuance was for the sole and express reason of waiting for that ruling. The end date of the continuance request was readily ascertainable once the Supreme Court denied her petition.

Second, the State makes much of the fact that it did not file a response to Penwell's certiorari petition. It contends that it, or more precisely the attorney general, therefore was not a "counsel of record" before the Supreme Court, and Supreme Court Rule 16(3) only requires notice of the denial of a certiorari petition to be sent to "counsel of record" and the court whose decision was under review,

which here would have been this court. Thus, the State asserts, it had no reason to know of the denial of Penwell's certiorari petition. However, I would direct the State's attention to Supreme Court Rule 9(2), which states, "An attorney representing a party who will not be filing a document *shall* enter a separate notice of appearance as counsel of record indicating the name of the party represented." (Emphasis added). Under the plain language of this rule, the attorney general's office was required to notify the Supreme Court of its representation of the State in this matter, even if it did not intend to respond to Penwell's petition, and it should have been "counsel of record" entitled to notice of the denial of the petition. If the attorney general's office failed to file a notice of appearance as required by Supreme Court Rule 9(2), that hardly is Penwell's fault.

"The State's duty to try the defendant within one year is an affirmative duty and the defendant is under no obligation to remind the State of its duty." Marshall v. State, 759 N.E.2d 665, 668 (Ind.Ct.App. 2001). The State was just as able as Penwell to track the resolution of her certiorari petition, and the State was entitled, equally with Penwell, to receive notice of the petition's denial under Supreme Court Rules 9(2) and 16(3). I will presume the Supreme Court would have sent such notice, if the State had filed its appearance as required. Upon receiving such notice, it was the State's duty, not Penwell's, to notify the trial court that it wanted to set a trial date.[2] I believe the trial court correctly granted Penwell's motion to discharge under Indiana Criminal Rule 4(C) and vote to affirm.

---

**2.** Any failure of the attorney general's office to notify the local prosecutor of the denial of

the certiorari petition likewise would not be Penwell's fault.