**Keith PAYTON, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0810–CR–961.

Court of Appeals of Indiana.

May 4, 2009.

Transfer Denied July 2, 2009.

John Pinnow, Greenwood, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge.

Keith Payton appeals his conviction of Murder,[1] a felony, Kidnapping,[2] a class A felony, four counts of Criminal Confinement[3] as class B felonies, and Carrying a Handgun Without a License,[4] a class C felony. Payton presents the following restated issue for review: Did the trial court err in denying his Indiana Criminal Rule 4(C) motion to dismiss?

We affirm.

The facts favorable to the convictions are that on June 27, 2007, James Fields, Brandi Dalton, and several others were in a motel room they had rented for the purpose of partying, drinking, and using cocaine. At approximately 6:00 p.m. on that date, Payton and his brothers, Kevin and Andre, forcibly entered the aforementioned motel room, tied up the occupants, and robbed them. During the course of the robbery, Fields was shot and killed and Dalton was shot in the head and seriously wounded. Police were summoned immediately and arrived quickly enough to spot the suspects' car and give chase. The suspects' car crashed during the chase. Although Andre was found unconscious in the back seat and apprehended, the other two escaped on foot. Payton ran to a nearby highway, forced his way into someone's vehicle, and drove away. He was apprehended in the hijacked vehicle a short time later.

On July 2, 2007, Payton and Andre were charged with murder, attempted murder as a class A felony, four counts of criminal confinement as class B felonies, possession of cocaine as a class D felony, resisting law enforcement as a class A misdemeanor, and two counts of carrying a handgun without a license, one as a class C felony and one as a class A misdemeanor. At the July 3, 2007 initial hearing, the trial court set the omnibus date and the pretrial conference for August 14, 2007. At the pretrial conference a date was set for depositions to be taken and another attorney

---

1. Ind.Code Ann. § 35–42–1–1 (West, PREMISE through 2008 2nd Regular Sess.).

2. I.C. § 35–42–3–2 (West, PREMISE through 2008 2nd Regular Sess.).

3. I.C. § 35–42–3–3 (West, PREMISE through 2008 2nd Regular Sess.).

4. Ind.Code Ann. § 35–47–2–1 (West, PREMISE through 2008 2nd Regular Sess.).

conference was scheduled for October 25, 2007. At the October 25 conference, the court set the next hearing for December 20, 2007. The parties agreed that all depositions were to be completed by that date. At the December 20 conference, the attorneys discussed the status of the depositions which, owing to the fact that certain witnesses had failed to show up, were not yet completed. The State asked, "Does the court want to set a trial date today to give all the attorneys something to work towards?" *Appellant's Appendix* at 198. The trial court responded, "I'm happy to set one if any defendant wants it[.]" *Id.* Payton's attorney replied, "I'm not requesting one." *Id.* Attorneys for the other defendants present (Kevin and Andre) acquiesced in the wish of Payton's counsel that a trial date not be set.

Another conference was scheduled for February 19, 2008. At that conference, the trial court scheduled jury voir dire and a final pretrial conference for May 22, 2008, and scheduled the evidentiary portion of the trial to begin on June 2, 2008. At a May 12 hearing, the court and the parties discussed problems with the status of the State's DNA evidence, which was not yet resolved. On May 16, the State filed a motion for continuance, claiming the need for additional DNA testing. On May 21, the trial court held a hearing on the motion for continuance, after which it granted the motion. The court set a new trial date for July 11, 2008, to which Payton objected on grounds that it would cause a Crim. R. 4 violation. On July 1, Payton filed a Crim. R. 4(C) motion to dismiss. The trial court denied that motion. Andre's counsel then requested a continuance; Payton's counsel acquiesced in that request. The trial court reset trial for September 15, 2008.

At a September 4, 2008 pretrial hearing, Payton and his brothers waived jury trial.

Bench trial for the three commenced on September 15, 2008. At trial, Payton renewed his motion to dismiss. The trial court again denied the motion. After a bench trial, the trial court found Payton guilty, as set out above. The court sentenced Payton to an 86–year executed term of imprisonment. Payton appeals the denial of his motion to dismiss.

 The Sixth Amendment to the United States Constitution and article 1, section 12 of the Indiana Constitution guarantee a right to a speedy trial to persons accused of a criminal offense. *Clark v. State,* 659 N.E.2d 548 (Ind.1995). In Indiana, that right is implemented by Crim. R. 4, which "expressly requires that a defendant be discharged if not brought to trial within certain prescribed time limits." *Id.* at 551. Specifically, Crim. R. 4(C) provides:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defen-

dant so held shall, on motion, be discharged.

Pursuant to this rule a defendant must be discharged if he or she is held to answer for a criminal charge for a period in aggregate of more than one year, except when the delay is attributable to acts by the defendant, to emergency, or to congestion of the court calendar. *State v. Penwell,* 875 N.E.2d 365 (Ind.Ct.App.2007), *trans. denied; see also* Crim. R. 4(F).[5] " 'The determination of whether a particular delay in bringing a defendant to trial violates the speedy trial guarantee largely depends on the specific circumstances of the case.' " *State v. Penwell,* 875 N.E.2d at 367 (quoting *Wheeler v. State,* 662 N.E.2d 192, 193 (Ind.Ct.App.1996)). "A defendant extends the one-year period by seeking or acquiescing in delay resulting in a later trial date." *Pelley v. State,* 901 N.E.2d 494, 498 (Ind.2009); *see* Crim. R. 4(F). The time limitations set by Crim. R. 4 are extended by the length of the delay. Crim. R. 4(F); *Vermillion v. State,* 719 N.E.2d 1201 (Ind. 1999).

█ In this case, the State contends there are two instances in which a delay was occasioned by, and thus chargeable to, Payton. One involved a request for continuance submitted by Payton's co-defendant, Andre. When asked for his response to that motion, Payton's counsel, replied, "I have no objection to that motion." *Transcript* at 163. Clearly, this was a delay in which Payton acquiesced, and thus is attributable to him. *See Pelley v. State,* 901 N.E.2d 494. That action resulted in postponing the trial from July 11 to September 15–a period of 75 days. Payton

does not challenge charging him with the delay occasioned by Andre's motion for continuance. Rather, Payton argues that by the time Andre submitted this motion, the one-year period within which Payton must be brought to trial had already expired. The validity of this argument, in turn, hinges upon his claim with respect to the second action that the State claims occasioned a delay chargeable to Payton.

The charges in question were filed against Payton on July 2, 2007. Therefore, Crim. R. 4(C) required that the State should bring the matter to trial by July 1, 2008. As detailed above, after several previous pretrial conferences, the parties convened for another one on December 20, 2007. At that conference, the State suggested that the trial court should set a trial date "to give all the attorneys something to work towards[.]" *Appellant's Appendix* at 198. When asked, Payton's counsel responded that he was "not requesting one." *Id.* The trial court concluded that this refusal of the offer to set a trial date occasioned a delay that was attributable to Payton. We review the trial court's ruling de novo. *Baumgartner v. State,* 891 N.E.2d 1131 (Ind.Ct.App.2008).

Payton contends the trial court's ruling was incorrect on grounds that defense counsel's refusal to seek a trial date was necessitated by the failure of several of the State's witnesses to attend scheduled depositions on November 29, 2007. Payton contends this "forced [him] to set later dates to depose these witnesses." *Appellant's Brief* at 13. Regardless of whether this is true, the fact remains that Payton was given the opportunity to move the

---

5. That rule provides:

(F) Time periods extended. When a continuance is had on motion of the defendant, or delay in trial is caused by his act, any time limitation contained in this rule shall be extended by the amount of the resulting period of such delay caused thereby. However, if the defendant causes any such delay during the last thirty (30) days of any period of time set by operation of this rule, the State may petition the trial court for an extension of such period for an additional thirty (30) days.

case along merely by expressing his wish that a trial date be set. We note in this regard Payton's claim that the *State* also could have requested a trial date, but did not do so. Even if this is true in a technical sense, it mischaracterizes the State's input at the December 20 hearing. After the parties and the trial court discussed the dates of the pending depositions and when the parties expected to complete those depositions, the State asked, "Does the court want to set a trial date today to give all the attorneys something to work towards?" *Appellant's Appendix* at 198. Phrased as such and considered in context, the State's question should be interpreted as a suggestion, or even a request that a trial date be set. The court placed the decision entirely at the discretion of Payton's attorney, who declined the offer to set a trial date. Did this result in a delay? We conclude that it did.

Our Supreme Court has indicated that "delays caused by action taken by the defendant are chargeable to the defendant regardless of whether a trial date has been set." *Cook v. State*, 810 N.E.2d 1064, 1067 (Ind.2004). In the analysis culminating in that holding, the Court cited with approval an observation made by Justice DeBruler in dissent in *State ex rel. O'Donnell v. Cass Superior Court*, 468 N.E.2d 209, 211 (Ind.1984), i.e., "[w]hen a party delays a task which must be completed before a trial can take place, that party can and often does delay the setting of the case for trial, and through that, the trial itself." Justice DeBruler's comment strongly infers that delaying the setting of a trial date necessarily delays the trial itself. We agree with that observation.

Among other things, we note Payton's argument that he declined the court's offer to set a trial date at the December 20 hearing because discovery had not yet been completed. This at least implies that setting a date would move matters along

more quickly than counsel wished and circumstances warranted. His expressed desire that the trial court *not* set a trial date thus can be viewed as expressing his wish to delay the progression to trial. Moreover, the State explicitly indicated that the purpose of setting a trial date was to "give all the attorneys something to work towards" by which it clearly indicated that the purpose of setting a trial date would be to move things along. *Appellant's Appendix* at 198. We have recently reiterated that this is precisely the objective of Crim. R. 4, i.e., "to move cases along . . ., not to create a mechanism to avoid trial." *Dean v. State*, 901 N.E.2d 648, 655 (Ind.Ct.App. 2009). As it was, the trial court did not set a trial date until the February 19, 2008 hearing. Pursuant to the foregoing authority and analysis, this delay in setting the trial date must be viewed as also delaying the trial itself. Thus, the 61–day delay in setting a trial date is chargeable to Payton.

In summary, the delays chargeable to Payton totaled 136 days—61 days for the delay from December 20 until February 19 to set a trial date, and 75 days for acquiescing in Andre's motion for continuance, which resulted in resetting the beginning of trial from July 11 to September 15. This means that, pursuant to Crim. R. 4(C) and (F), the State had 136 days after July 2, or until November 15, 2008, to bring Payton to trial. Inasmuch as trial was held on September 15–17, 2008, Payton was not denied his right to a speedy trial and the trial court did not err in denying his motion to dismiss on that basis.

Judgment affirmed.

NAJAM, J., and VAIDIK, J., concur.