# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**THOMAS A. BERRY**
Berry & Domer P.C.
Bloomington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

FILED

Oct 01 2012, 9:14 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SCOTT F. WEST, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 11A01-1203-CR-123 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CLAY CIRCUIT COURT
The Honorable Joseph D. Trout, Judge
The Honorable J. Blaine Akers, Special Judge
Cause No. 11C01-0906-FC-223

**October 1, 2012**

**OPINION - FOR PUBLICATION**

**SHEPARD, Senior Judge**

Appellant Scott F. West was held to answer on marijuana charges for more than a year without a trial date while a motion to suppress awaited a ruling. He is entitled to discharge under Indiana Criminal Rule 4(C).

FACTS AND PROCEDURAL HISTORY

In June 2009, the State charged West with possession of a destructive device, a class C felony; dealing in marijuana, possession of marijuana, and maintaining a common nuisance, all as D felonies; and A misdemeanor possession of paraphernalia.

On December 28, 2009, West moved to suppress evidence. At the time, a jury trial was set for March 1, 2010. Judge Joseph Trout scheduled a suppression hearing for February 2010.

The hearing was reset multiple times, and the jury trial was eventually vacated, as follows:

At a pre-trial conference, the parties agreed to reset the suppression hearing for April 2010 and the jury trial for June 14, 2010. A couple of months later, the court sua sponte vacated the hearing, and the parties agreed to reset it for May 2010. West amended his suppression motion in March 2010. In May 2010, the State moved to continue. The court granted the continuance and reset the suppression hearing for later in May, then subsequently reset it again for June 7, 2010.

At the close of the June 7, 2010, suppression hearing, the court invited West to request a continuance to allow time for post-hearing submissions and the court's ruling. West did so, and the court vacated the June 14 trial date.

Both parties submitted proposed findings and conclusions on August 16, 2010. The court allowed each side fifteen days to respond to the opposing party's submission and set the cause for a final pre-trial conference on October 1, 2010. On August 27, 2010, West amended his proposed findings and responded to those of the State.

The case then sat for a year with virtually no activity. There are no entries in the chronological case summary in the year following West's August 27, 2010, submissions, though the record shows that the court called defense counsel's office on October 1, 2010, for the final pre-trial conference, but counsel missed it because he was waiting at home for the phone call. The conference was not rescheduled.

On August 29, 2011, West filed a praecipe to remove Judge Trout pursuant to Indiana Trial Rule 53.1. In November 2011, the Supreme Court appointed Judge Blaine Akers as a special judge.

In December 2011, West moved for discharge pursuant to Indiana Criminal Rule 4(C). The court denied the motion. Upon West's request, the court certified its order for interlocutory appeal, and this Court accepted jurisdiction.

<u>DISCUSSION AND DECISION</u>

The right of an accused to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Article 1, Section 12 of the Indiana Constitution. Indiana Criminal Rule 4 implements this speedy trial right. *Clark v. State*, 659 N.E.2d 548, 551 (Ind. 1995). Rule 4(C) provides:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of

3

his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar . . . .

We review a trial court's ruling on a Rule 4(C) motion for an abuse of discretion. *Curtis v. State*, 948 N.E.2d 1143, 1149 (Ind. 2011).

While a defendant's motion to suppress may sometimes cause delay attributable to the defendant, whether this is so turns on the particular facts of a given case. *See id.* at 1150.

West filed his suppression motion a full two months before the jury trial date. The court quickly set it for a hearing. The hearing was then rescheduled multiple times, and the jury trial was reset once before it was ultimately vacated.

Although West's motion technically delayed the March 2010 trial inasmuch as the date was reset and later vacated, we cannot conclude that West was solely responsible for the delay. By August 27, 2010, the suppression hearing had been held and the parties' final proposed findings and conclusions and West's response to the State's submission were all before the court. A whole year passed before West praeciped for a new judge on August 29, 2011. We cannot attribute these twelve months to West.

The State contends that West caused the delay by asking the court for an indefinite continuance of the June 14, 2010, trial date during the June 7, 2010, suppression hearing. "When a defendant requests an indefinite continuance and later becomes dissatisfied that his trial has not been reset, he must take some affirmative action to notify the court that he now desires to go to trial to reinstate the running of the time period." *Wheeler v. State*,

4

662 N.E.2d 192, 194 (Ind. Ct. App. 1996). Here, too, the analysis must proceed on a case-by-case basis. *See id.*

Although West moved for a continuance, we note that the court prompted him to do so. The transcript of the hearing reflects that the parties and the court expected that a trial would not be set until the court ruled on the suppression motion. *See* Tr. p. 4 (court noting that it would rule and then determine whether to reset the cause for trial). The court had all of the parties' arguments before it by August 27, 2010. Based on these facts, it was reasonable for West to expect that the court would rule on his motion and that he would, if necessary, be timely tried.

The State cites cases in which defendants who specifically asked for indefinite postponements were denied relief under Rule 4. The defendants in those cases asked for continuances so that they could seek other relief.[1] It was thus incumbent on them to inform the courts when they wanted to proceed to trial. In contrast, the parties here were simply waiting for the court's suppression ruling, which would determine whether the trial was reset.

The State also cites *Rivers v. State*, 777 N.E.2d 51 (Ind. Ct. App. 2002), *trans. denied*. There, Rivers acquiesced to a trial setting outside the one-year period. He also requested a continuance so that he could be tried after his cohort. This Court held that Rivers was not entitled to 4(C) discharge. *Id.* at 55. Unlike *Rivers*, the court here never

---

[1] *See State v. Penwell*, 875 N.E.2d 365, 367 (Ind. Ct. App. 2007) (defendant sought delay to allow her to file petition for certiorari), *trans. denied*; *State v. Powell*, 755 N.E.2d 222, 225 (Ind. Ct. App. 2001) (defendant sought delay to continue plea negotiations), *trans. denied*; *State v. McGuire*, 754 N.E.2d 639, 642 (Ind. Ct. App. 2001) (defendant sought delay to continue plea negotiations), *trans. denied*; *Wheeler*, 662 N.E.2d at 194 (defendant sought delay to continue plea negotiations).

set a trial date after the one-year period.  Moreover, the purpose of West's request for continuance, at the court's invitation, was to allow time for the court to rule on the suppression motion.  *Rivers* is inapposite.

On these facts, we cannot conclude that West requested an indefinite continuance such that he needed to notify the court that he wished to proceed to trial.

The State had an affirmative duty to bring West to trial within one year as provided by Rule 4(C).  *See Cook v. State*, 810 N.E.2d 1064, 1065 (Ind. 2004).  It did not do so.  Although we recognize that the court failed to timely rule on the suppression motion, the State could have filed a praecipe under Trial Rule 53.1 for withdrawal of submission and transfer to the Supreme Court for appointment of a special judge.  West was not obliged to ask for a trial date.

Because more than one year had passed for purposes of Rule 4(C), the trial court erred by denying West's motion for discharge.  We therefore reverse.

Reversed.

BAILEY, J., and MATHIAS, J., concur.